# Call, Appellant, v. Hallam Construction Company.

*Appeals—Assignment of errors—Technical assignments—Damages—Negligence.*

1. Assignments of error which are merely technical and lacking in substantial merit when viewed in light of the whole record, will not be considered sufficient ground for reversal by an appellate court.

2. On an appeal by plaintiff from a judgment on a verdict for defendant in a negligence case, where the jury has found as a fact that appellant was not entitled to recover any damages whatever, an assignment of error relating to the measure of damages is not in itself a ground for reversal.

3. In an action by a woman against a contracting company to recover damages for personal injuries sustained by falling into an unguarded excavation made by defendant in a private alley, there was evidence that defendant had a contract with a borough for improving a street. Plaintiff claimed that this covered the excavation in the alley. Defendant claimed that the work was apart from its contract, had been done by one of its employees without authority from it, and at the instance of property owners, and that the work in the alley when the excavation had been completed had been turned over to plaintiff's son, one of the property owners. The evidence in these matters was conflicting. *Held,* that the question as to who was responsible for the unguarded condition of the excavation was for the jury.

4. In such a case the ordinance under which defendant's contract was made, the contract itself, and evidence in relation to the borough's duty to the alley, if any, were all admissible to show what the situation of the parties was in respect to the work done.

*Negligence—Contributory negligence—Charge.*

5. A trial judge cannot be convicted of error in telling the jury that it must "appear that plaintiff was herself free from contributory negligence" where he follows this by saying "if it should appear from the evidence that plaintiff was guilty of contributory negligence, there could be no recovery in this action."

6. A judgment will not be reversed for an inaccurate instruction in one part of the charge, where it appears that the court subsequently gave ample and proper instructions so that the jury could not have been misled.

*Practice, C. P.—Trial—New trial—Misconduct of juryman.*

7. The appellate court will not review the discretion of the trial court in refusing a new trial, where a new trial is asked for on the ground of the intoxication of one of the jurymen, if it appears that depositions were taken in support of the motion, and the court below finds as a fact from such depositions that the juryman was not in any way incapacitated by reason of liquor or otherwise for an intelligent consideration and disposition of the case.

Argued Oct. 14, 1912. Appeal, No. 18, Oct. T., 1912, by plaintiff, from judgment of C. P. Greene Co., March T., 1909, No. 136, on verdict for defendant, in case of John Call, Administrator of Elizabeth Call, deceased, and John Call v. Hallam Construction Co. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HOLT, P. J., specially presiding.

At the trial it appeared that on September 27, 1908, in the evening, Elizabeth Call fell into an excavation made in an alley by the defendant company. The company at the time was engaged in work, under a contract with the Borough of Waynesburg, of improving streets.

Defendant made the following offer:

By Mr. Irwin: We propose to introduce in evidence the ordinance of the Borough of Waynesburg providing for the grading of Lincoln street past the Call property and past the place where the excavation was made in which this injury occurred. To follow that by the contract entered into between the Borough of Waynesburg and the Hallam Construction Company for the grading and paving of Lincoln street.

For the purpose of showing that the contract entered into by the Hallam Construction Company under which that paving and grading was done in pursuance of the borough ordinance did not embrace the grading or paving of this private alley where it intersected Lincoln street at the point where this injury occurred.

This is to be followed by evidence showing that that excavation was made under an arrangement between W. W. Call, the husband of the owner of the property and Mr. Freeland, who had charge of the men of the Hallam Construction Company who were doing the grading of Lincoln street, and to show further that he had no authority to make any contract for the Hallam Construction Company; that he had no authority on behalf of the Hallam Construction Company to enter into an agreement to do the excavation; and that the Hallam Construction Company had no knowledge that any such an arrangement was entered into until the excavation had been completed, and also there was no ratification of the arrangement.

Objection: By Mr. Purman: Plaintiffs object to the evidence offered:

1. Because the evidence offered is not an offer to show that the defendant company did not do the work of digging the ditch across the pavement, and therefore the contract between the defendant company and the borough concerning their grading would be incompetent, irrelevant and immaterial.

2. Further that the defendant cannot excuse itself of negligence by offering to show that it had no contract with the municipality for the excavation made out of which the negligence arose.

3. That it is generally incompetent, irrelevant and immaterial.

By the Court: We will overrule the objection, admit the evidence, grant an exception and seal a bill.

By Mr. Irwin: I desire to offer in evidence at this point the ordinance which has been identified by the secretary of the council and ask to read the same to the jury.

Objection: By Mr. Purman: Plaintiffs object to the offer of the ordinance for the reason that it is incompetent, irrelevant and immaterial. It does not prove nor tend to prove the defendant company did not commit

the trespass complained of in the declaration. Neither does it show or tend to show justification of the excavation complained of.

By the Court: Objection is overruled, offer admitted, exception granted and bill sealed. (9)

Same read by Mr. Irwin.

The court charged in part as follows:

[The jurors, however, are the judges of the kind and character of the warning to be given—that is, the jury examine the facts and circumstances and ascertain whether or not the warning given of the existence of the excavation is such that a reasonably prudent person would have given in the circumstances—or if no warning has been given, whether or not the circumstances are such that a reasonably careful person would have put up a warning, and what the character of the warning required.] (12)

[Now, gentlemen, we say to you, that if the employees of the defendant company made an error in opening that side walk, then for anything that resulted because of that excavation having been made, the defendant company would be liable unless from subsequent facts and circumstances it was relieved.] (13)

[Now, gentlemen, you will determine, first: Was this excavation made without any authority from the property owners?

Now, we say to you if it was, the property owners did not recognize it—did not acquiesce in it, did not approve it—then gentlemen of the jury, the defendant would be required to guard this excavation and put up barricades, lights or other warning reasonably necessary in the circumstances to warn travelers upon the sidewalk of the excavation.

Again, gentlemen, there is another question that you will also have to take up if you find that this excavation was not made by the defendant's employees by accident or by mistake alone; and that is whether or not the excavation was made under an arrangement or agreement

with the property owners. Now if you find that it was, then there is another question for you to determine; and that is whether it was made under the direction and control of W. W. Call. If it was, if it was merely a contract in the first instance or arrangement for the grading, and that was made under the direction and control of W. W. Call,—the employees of the Hallam Construction Company merely doing the work under Call's supervision and direction, then it would be the duty of Call to protect that excavation. And if you find such to be a fact, there could be no recovery in this case.

On the other hand if you find the excavation was made under the control of the employees of the defendant company,—that is, if they took entire charge of it and it was under their control and supervision while it was being excavated; but after it was excavated the property owners agreed to become responsible for it—in other words took it off their hands, if it was then a completed job, so far as the Hallam people were concerned, then it would be the duty of Call—W. W. Call—to guard that excavation and in such event there could not be a recovery here.

Again, gentlemen, if you find that such was not the case you will then inquire whether or not there was an arrangement between the foreman for the defendant company and the property owners for the doing of the work including the subgrade and putting in of the paving. If you find there was such an arrangement and that the work was done under the direction and supervision of W. W. Call, then there could be no recovery in this case, for in such circumstances it would have been the duty of W. W. Call to have guarded the excavation.] (14)

[Gentlemen, if you find here that there was such an arrangement as was contended for here by the plaintiffs with the agent of the defendant and that agent's act was ratified, and you find that the defendant was guilty of

negligence that contributed to bringing about this injury, then you will pass to another question.

If you should find the defendant was guilty of negligence through its agents and employees that did contribute to bring about this accident, still the defendant would not be liable if Elizabeth Call contributed in no way to the bringing of that injury upon herself.

Now in determining whether or not she was guilty of contributory negligence in approaching that place, you will take into consideration her age, the kind of an evening it was as to darkness, the condition of the streets in the neighborhood of this sidewalk, and all of the other facts and circumstances present at that place. Did she know that there was already a depression in this sidewalk, if there was such? And did she not, gentlemen of the jury, do that which a reasonably prudent person would have done in approaching it? Or did she fail to do something in approaching that depression, if one existed, that a reasonably prudent person would not have failed to do? If she failed in either of these respects, she would be guilty of contributory negligence and she could not recover no matter how negligent the employees of the defendant company may have been.] (15)

Plaintiffs presented these points:

### POINTS.

1. That this action is a joint action brought in the lifetime of Elizabeth Call by the plaintiffs against the defendant for injuries alleged to be wrongfully inflicted upon the person of the wife, and if the jury find in favor of both of the plaintiffs it is their duty to render two verdicts, one verdict in favor of John Call, administrator of Elizabeth Call, deceased, for such sum or amount as her earning power may have been diminished by reason of her injury from the time of her injury to the time of her death and for such additional time as she would probably have lived if the injury had not occurred; together with such sum or amount as would reasonably

compensate her for the pain and suffering sustained by her by reason of the injury; the other verdict in favor of John Call for such sum as the jury may find he has been obliged to expend on account of the injury from the time the injury was sustained up to the time of her death, including the loss of the fellowship, society and comfort sustained by him by reason of the injury from the time of the injury up to the time of his wife's death.

Answer: Refused and not read. (1)

2. It was the duty of the defendant to keep the footway or pavement on Lincoln street, while making the improvement, in reasonably safe condition for travel and it was also its duty when digging and excavating across the footway or pavement, to place a light or other warning at or near said excavation at night, to prevent injury to travelers, and if the jury believe from the evidence that the defendant in this action made or caused to be made the excavation on or across the pavement of Lincoln street, (into which Elizabeth Call fell and was injured,) and that defendant left it open and wholly unguarded, and without a light, and that because of this negligence Elizabeth Call, in the night time, fell into the excavation and was injured, without fault on her part, then the jury may find for the plaintiffs.

Answer: Refused and not read. (2)

3. Plaintiffs' right to recover in this action is not controlled by whatsoever authority or for whom Hallam Construction Company actually made the excavation across the footway or pavement, (into which Elizabeth Call fell and was injured,) but the question for determination by the jury is did the defendant company make the excavation and, if so how and in what manner did they make it, and also, was it dangerous, and did they negligently leave it by night unguarded, without light or other warning, and was it because of this negligence that Elizabeth Call was injured, and if the jury believe from the evidence that Hallam Construction Company made the excavation and negligently left it by night un-

guarded, without light or other warning, and that because of its leaving it so unguarded Elizabeth Call, without fault on her part, fell into the ditch and was injured, then the defendant, Hallam Construction Company, is liable to answer in damages for such neglect and consequent injury, no matter for whom they were actually doing the work.

Answer: Refused and not read. (3)

4. Even if the jury should believe from the evidence that the defendant, Hallam Construction Company, made the excavation in the footway or pavement for or at the instance of the abutting property owners and without authority from the borough, yet, if they do believe from the evidence that said Hallam Construction Company negligently left said ditch or excavation open and wholly unguarded by night, without light or other warning, and that the same was dangerous, and that because of this negligence Elizabeth Call fell into said ditch or excavation and was injured, then plaintiffs are entitled to recover in this action, provided the jury further find that Elizabeth Call did not contribute to the cause of said injury.

Answer: Refused and not read. (4)

Defendant presented these points:

1. If the jury find from the evidence that the contract, under which the Hallam Construction Company was paving Lincoln street past the point where the accident occurred, did not embrace the grading and paving of the private alley-way where the plaintiff was injured, but that the grading of that alley-way was done by the employees of the Hallam Construction Company under an arrangement between the owners of the property where the accident occurred and the man in charge of the men who were doing the grading, before the defendant company can be held liable for negligence in not properly guarding that excavation or placing lights there at night to warn the traveling public, it must be shown that either the man in charge of the employees, with whom

the owner of the property had the arrangement for having the alley-way graded, had authority to enter into a contract on behalf of the Hallam Construction Company to do that work or that the Hallam Construction Company had knowledge that he had undertaken to grade that alley on behalf of the company and ratified and approved his agreement and permitted the work to be done in pursuance to his arrangement with the owner of the property.

Answer: Affirmed. (5)

2. If the jury find from the evidence that the contract under which the Hallam Construction Company was grading and paving Lincoln street past where the accident occurred, did not embrace the grading and paving of the private alley-way where the accident occurred, but that the grading of that alley-way was done by an arrangement between the owner of the property and the man in charge of the employees of the Hallam Construction Company who were grading the street, that that arrangement was simply for the grading of the alley-way and that the owner of the property before the accident occurred was informed or knew that the grading was completed, then it was his duty to take the necessary steps to protect the traveling public from falling into that excavation or from injury by reason of the excavation, and his failure so to do would not render the Hallam Construction Company liable for the accident for which this suit is brought.

Answer: Affirmed. (6)

3. If the jury believes from the evidence that immediately prior to the time when the alley-way where the accident occurred was excavated and for some considerable time prior thereto there had been an off-set of some fifteen or eighteen inches on the eastern side of the alley-way, the alley-way being that much lower than the footway immediately east of the alley, and that Elizabeth Call had frequently passed over that footway and alley going to and from her son's residence and knew of

the existence of that off-set in the pavement, then she was bound to exercise care when walking along the street on the night of the accident to avoid falling over that depression. If the jury finds from the evidence that she while walking from Washington street to her son's on the south side of Lincoln street at the time of the accident was not paying attention to the condition of the sidewalk nor looking out for that depression in the pavement but that she simply walked on in the darkness heedless of the fact that there was a depression there until she walked over it and fell, then she was guilty of contributory negligence and the plaintiff in this case cannot recover even though it be true that the alley-way had been excavated deeper and that there was no barrier or lights to warn the traveling public.

Answer: Affirmed. (7)

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (9) ruling on evidence quoting the bill of exceptions; (1-7, 12-15) above instructions quoting them.

*James J. Purman,* with him *David R. Huss,* for appellants.—It is the duty of one in digging an excavation in the street and piling up dirt therefrom, to place a light at or near said excavation at night, to prevent injury to travelers: Kenyon v. Philadelphia, 9 W. N. C. 222; Corby v. Hill, 93 Eng. Com. Law Rep. (4 J. Scott. N. S.) 556.

A party injured by the concurrent tort of two may sue either, and this right is not affected by any consideration of primary or secondary duties of the tort feasors as between themselves: Gates v. R. R. Co., 150 Pa. 50.

Plaintiffs were not bound to inquire or even take notice for whom the defendant did the work. If the defendant did the work this was sufficient for plaintiffs, and the defendant must answer: Kessler v. Berger, 205 Pa. 289.

The ordinance and contract were matters between strangers to this action and therefore inadmissible. The admission of this evidence and construction of the contract as given by the court, together with the instruction given in the charge relative thereto, did plaintiffs much harm: Kocher v. Bowman, 10 Watts 128; Mayberry v. Dudley, 2 Penny. 367; Kittanning Borough v. Thompson, 211 Pa. 169; Bratton v. Mitchell, 3 Pa. 44; Cummings v. Williamsport, 84 Pa. 472; Colonial Trust Co. v. Getz, 28 Pa. Superior Ct. 619.

If a plaintiff's case does not disclose contributory negligence the burden is on the defendant to disprove by a preponderance of evidence the presumption of care on the part of the plaintiff: Coolbroth v. R. R. Co., 209 Pa. 433; Penna. R. R. Co. v. Weber, 76 Pa. 157; Fitzpatrick v. Traction Co., 206 Pa. 335; Schum v. R. R. Co., 107 Pa. 8; Penna. R. R. Co. v. Ogier, 35 Pa. 60.

*R. W. Irwin,* with him *J. W. Ray* and *J. A. Wiley,* for appellee.—When the laborers, who were employed by Call to make that excavation, had finished the work and left the job, their responsibility ended: Jessup v. Sloneker, 142 Pa. 527.

In an action to recover damages for personal injuries, the plaintiff must show a case of negligence by the defendant, clear of contributory negligence by himself: Lee v. Woolsey, 109 Pa. 124.

The general effect of the charge of the court, rather than a casual expression of it, must govern the interpretation or construction of it: Fitzpatrick v. Union Traction Co., 206 Pa. 335.

A verdict of murder in the first degree will not be set aside, because the jury were furnished with liquor during the course of the trial, where it does not appear that there was a resulting misconduct or separation: Com. v. Salyards, 158 Pa. 501; Com. v. Jongrass, 181 Pa. 172.

OPINION BY MR. JUSTICE ELKIN, January 6, 1913:

This is an action brought by the husband individually

and as administrator to recover damages for personal injuries sustained by his wife. The case was submitted to the jury and a verdict was returned in favor of the defendant. The eighteen assignments of error relate mainly to the charge of the trial judge and the answers to the points. Most of the assignments are technical and lacking in substantial merit when viewed in the light of the whole record. The assignment relating to the instruction as to the measure of damages certainly would not warrant a reversal when the jury found as a fact that appellants were not entitled to recover any damages whatever. Complaint is made by appellants that the case was not fairly submitted to the jury from their point of view and that the charge was inadequate. It is urged that the contentions of the defendant were unduly emphasized while those of the plaintiffs were minimized, or disregarded. In order to properly determine the various questions thus raised for our consideration, it has been necessary to carefully examine the entire record, including the charge of the court, the answers to points, the theories upon which the case was tried by the contending parties, and the reasons given for refusing a new trial. After having done so we have reached the conclusion that all of the disputed questions of fact were fairly submitted to the jury and that there was no substantial and reversible error in the instructions as to the law applicable to the case. The negligence charged was that the defendant had negligently and wrongfully allowed the excavation in the pavement or footway to remain open, unguarded, and without barrier or signal light as a protection to travelers upon the street or pavement. The contention of the appellants was that it was the duty of the appellee to give notice of the dangerous situation caused by the excavation in question by signal lights or otherwise, and to erect proper guards, and that failure to perform these duties was the proximate cause of the accident. The appellants tried their case upon this theory and this view was fairly submitted

to the jury. Appellee, on the other hand, contended that
the excavation of what is known in the case as the pri-
vate alley where the accident occurred, was no part of
the work which it undertook to perform for the Borough
of Waynesburg, and that its employee who did the work
under an arrangement with the abutting property own-
ers to pay for the same acted without authority. It was
further contended that after the excavation of the alley
had been made and the work completed, W. W. Call, a
son of Elizabeth Call, the injured person, accepted the
work and assumed the burden of properly guarding the
excavation. Indeed W. W. Call, who occupied the abut-
ting property, took the initiative in getting the owners
to agree to have the excavation made while the borough
was grading and improving the public streets. It was to
his advantage and for his benefit that the work was done
in the alley. It was a fair question under the evidence
whose duty it was to put signal lights at the place of the
accident and to guard, if necessary, the excavation thus
made. All of the questions incidental to this inquiry
were submitted to the jury. If the employee of the
Hallam Construction Company acted without authority
and did what he had no right to do, no liability would
attach to his principal. On the other hand, if he acted
within the general scope of his authority, or even if he
acted without authority in the first instance, but subse-
quently his principal ratified his acts, liability for negli-
gence and wrongful acts in the prosecution of the work
would attach. Again, even if there was no question as
to the employee acting within the scope of his authority,
and if it be conceded that the principal is liable for negli-
gent acts committed in making the excavation, it was
still for the jury to say whether the work after comple-
tion was turned over to the abutting property owner,
and if so whether the duty of guarding had been assumed
by him. All these questions were in the case and they
were submitted to the jury. Most of the assignments of
error relate to the charge of the court, and the rulings of

the trial judge during the course of the trial upon questions necessarily involved in the respective contentions of the parties. The contract between the construction company and the borough, and the ordinance upon which it was based, were properly admitted in evidence as items tending to show what the situation of the parties was in respect to the work done. These matters were in no sense controlling, but they were pertinent to the case. The same is true as to the testimony relating to the alley, whether the borough had any duty to perform in connection with its maintenance and repair, and whether this was intended to be included in its contract with the construction company. These were questions of fact necessarily involved in the determination of the rights and duties of the parties.

By the eleventh assignment complaint is made that the trial judge placed too heavy a burden upon the plaintiffs in making out their case in chief. The jury was instructed that the plaintiffs in order to recover must prove by the preponderance of the evidence that the defendant, through its officers, agents or employees, was guilty of the negligence from which the injuries resulted; and that "in addition it must also appear that Elizabeth Call was herself free from contributory negligence." It is argued that this instruction required the plaintiffs to affirmatively show that Elizabeth Call was not guilty of contributory negligence, which of course is not the law. The plaintiffs must affirmatively establish the negligence of the defendant and must disclose a case free from contributory negligence. In the very next sentence, following the instruction complained of, the learned trial judge said: "That is, gentlemen, if it should appear from the evidence that Elizabeth Call was guilty of contributory negligence, there could be no recovery in this action by the plaintiffs." When the charge on this point is considered as a whole the jury must have understood that the law only required the plaintiffs to prove the negligence of the defendant and to disclose a case free

from contributory negligence on the part of the plaintiffs. A judgment will not be reversed for an inaccurate instruction in one part of the charge, where it appears that the court subsequently gave ample and proper instructions, so that the jury could not have been misled: Fitzpatrick v. Traction Company, 206 Pa. 335. The present case comes within the spirit of this rule. The general effect of the charge, rather than a particular sentence, or expression contained in it, is the test by which to determine whether it was a misleading instruction. The eighteenth assignment relates to the refusal by the court to grant a new trial on the ground of the alleged intoxication of one of the jurors. The trial courts are clothed with very great discretion in the granting or refusing of new trials. As a rule this discretion will not be disturbed by appellate courts on appeal. The learned court below in disposing of the question raised by this assignment said: "Depositions have been taken for the purpose of supporting this reason. We have examined these depositions, and they do not sustain either the allegation that the juror was asleep during the delivery of a part of the charge, or that he was at any time during the progress of the trial incapacitated by reason of liquor or otherwise for an intelligent consideration and disposition of the case." In view of this finding based upon depositions taken after the trial had been concluded, we cannot say that the learned court below abused its discretion, or that error was committed in disposing of this reason for a new trial. Within anything like the proper limits of an opinion it is impossible to discuss in detail all of the questions raised by the eighteen assignments of error. We have examined and considered them all without being convinced that any reversible error was committed in submitting the case to the jury. It was a case for the jury on all the disputed questions of fact and the right to recover depended upon the findings of fact in dispute. This was clearly within the province of the jury. The learned

trial judge instructed the jury at length upon all these questions and fairly submitted the contentions and theories upon which the parties relied to sustain or defeat a recovery. The case was carefully submitted and we see no sufficient reason for reversing the judgment.

All of the assignments of error overruled and the judgment affirmed.