## Hendrickson *v.* Quaker City Cab Co., Appellant.

*Negligence—Trials—Improper remarks of witness—Motion to withdraw juror—Refusal.*

In an action of trespass to recover damages for personal injuries, a verdict in favor of plaintiff will be affirmed, where it appeared that during the trial one of the witnesses, in no way related to appellee, testified that persons called on her who said they were from an insurance company representing the defendant. In such case, the court having directed the jury to disregard the suggested interest of the insurance company, and there being no reason to believe that the statement was prejudicial to the defendants, a motion to withdraw a juror was properly refused.

Argued October 17, 1924. Appeal, No. 105, Oct. T., 1924, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1923, No. 9388, on verdict for plaintiff in the case of George H. C. Hendrickson, by his next friend and mother Minnie Hendrickson v. Quaker City Cab Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McMICHAEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $700 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal of defendant's motion to withdraw a juror.

*Ward C. Henry,* and with him *Layton M. Schock,* for appellant.—The court should have withdrawn a juror on account of the reference to an insurance carrier for the defendant company: Conover v. Bloom, 269 Pa. 548; Curran v. Lorch, 243 Pa. 247; Hollis v. U. S. Glass Co.,

220 Pa. 49; Scranton Gas and Water Co. v. Weston, 63
Pa. Superior Ct. 570.

*J. B. Colahan, 3d,* for appellee, cited: Holden v. Penn-
sylvania Railroad, 169 Pa. 1; Jones v. Binsheimer, 214
Pac. Rep. 375; Tuohy v. Columbia Steel Co., 61 Or. 527,
122 Pac. 36; Williamson v. Hardy, 190 Pac. Rep. 646.

OPINION BY ORLADY, P. J., December 13, 1924:

This, with two other cases, was tried in the court be-·
low to recover damages for personal injuries resulting
from the same collision. Verdicts were rendered for the
plaintiffs in each of three cases. A motion for a new
trial was filed, which was granted in one case and denied
in the others. This appeal is from the action of the court
refusing to grant a new trial and entering judgment on
the verdict.

During the progress of the trial one of the plaintiffs,
in no wise related to the present appellee, while being ex-
amined as to her personal injuries, stated "my landlady
came while I was still in bed and said there are two
strangers downstairs who say that they are from an
insurance company for the Quaker City Cab Company,
shall I send them up? I said no, send them to my law-
yer, and they can make an appointment to come when my
doctor is present. That is the word I sent, and they did
not come any more." The defendant moved to with-
draw a juror on the ground that this remark was im-
proper as a reference to an insurance company being
interested in the result of the accident. This the court
declined to do, but indicated that he would entertain a
motion to strike out the evidence on the ground that it
was hearsay and inadmissible. Counsel for defendant
declined to accept this suggestion and stated that he
stood on his former motion to withdraw the juror. The
court held the remark to have been inadvertently made,
and not of sufficient importance to justify the with-
drawal of the juror. The trial proceeded. No further

reference was made to the possible interest of an insurance company, or the relation of the plaintiff in this case to it, but the court of its own motion directed the jury not to pay any attention to the suggested interest of a third party to the record.   It is not even intimated that the remark was anticipated by counsel of plaintiff, and could not, under the circumstances of the case have any appreciable effect, Holden v. P. R. R. Co., 169 Pa. 1.   Unless there is a reasonable belief that the unexpected statement would have a prejudicial effect on the defendant, it does not constitute a ground for the withdrawal of a juror: Lenahan v. Pittston Coal Mining Co., 221 Pa. 626.   The verdict rendered could not in any reasonable way be attributed to this trifling remark. The judgment is affirmed.