Carr *v.* Mundorf, Appellant.

Argued April 11, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Harvey A. Gross,* for appellant, cited: Monier v. P. R. T. Co., 227 Pa. 273; Hoagland v. Mulford, 298 Pa. 591; Weiss v. Guarantee & Accident Co., 280 Pa. 330; Acchione v. Canuso, 101 Pa. Superior Ct. 286.

*William T. Connor,* with him *John R. K. Scott, Herbert Mayers* and *Amos H. Herrmann,* for appellee, cited: Sautter v. Rowland, 285 Pa. 212; Weiss v. Guarantee & Accident Co., 285 Pa. 251; Wanamaker v. Ellis, 306 Pa. 222; Medidovich v. Schultz, 309 Pa. 450.

OPINION BY MR. JUSTICE SIMPSON, May 1, 1933:

Plaintiff recovered a verdict and judgment for damages resulting from his being struck by defendant's automobile. Defendant appeals. We will consider but a single assignment of error.

Some eighteen years before the present accident, plaintiff was struck by a railroad train and his head was very seriously injured. One of the questions involved in the present case was whether or not his existing condition was the result of the earlier accident, rather than of the one under consideration. On this point, defendant called an expert medical witness who had previously made an extended and careful examination of plaintiff in the presence of the latter's lawyer and physician. At the trial, the medical expert testified at considerable length as to the examination he had made, and gave it as his opinion that plaintiff's symptoms were due, in large part, to his nervous condition growing out of the first accident, and added that plaintiff would probably recover rapidly if successful in the present suit. This we know is not uncommon in that class of cases, sometimes honestly arising and sometimes not.

A careful reading of the printed testimony of the witness leaves the impression that he is a physician of ability, and really an expert on the subject regarding which he testified; that he examined plaintiff fully, carefully noted all he discovered or thought he discovered, and

216

gave his honest opinion as to the cause of plaintiff's condition. His testimony, however, is fairly open to the criticism that he expressed himself in such a way as to attract attention, rather than with the gravity and modesty which more befits an expert witness. For instance, he said that defendant's disease "has also been described as a 'wish' neurosis. The patient constantly wishes for something, and, strange as it may seem, when this cause is removed, the patient gets most remarkable cures. As one foreign author says, the best treatment he has ever used for this particular type of traumatic neurosis is a well known metal, and that metal is called 'gold,' and when the patient gets the gold the patient's condition improves remarkably well."

This sort of testimony is to be regretted, but it affords no justification for the trial judge's statement to the jury, which forms the basis of the third assignment of error, viz.: "If I understand his theory rightly, it was that this plaintiff so much enjoyed having his skull fractured by a locomotive eighteen years ago that he wished for more; he coveted an injury to be cured by gold plasters." While the testimony of the witness might well call for some criticism on the part of counsel, the court had no justification for using such language, since it is not only an inaccurate statement of the testimony, but also because its necessary effect was to prejudice the jury against the witness, and, through him, against defendant herself, thereby leading to a decision of the case upon improper grounds. It was, indeed, the same striking method of expression which was a mistake for the witness to use, and was clearly reversible error when it came from the trial judge. It wholly lost sight of the essential requirement that justice must be judicially administered.

As we said in Monier v. P. R. T. Co., 227 Pa. 273, 275: "A litigant has a right to a trial by a fair and impartial jury whose consideration of his cause is not influenced by any language of the court which would create resent-

ment or prejudice against him." To the same effect are Linn v. Com., 96 Pa. 285; Gerz v. Weber, 151 Pa. 396; Twinn v. Noble, 270 Pa. 500; Hoagland v. Mulford, 298 Pa. 588.

The judgment of the court below is reversed and a venire facias de novo is awarded.