Lippincott et al. *v.* Warren Apartment
Company, Appellant.

Argued May 24, 1933.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thomas F. Gain,* for appellant.

*Thomas Raeburn White,* of *White, Schnader, Maris & Clapp,* with him *Samuel Scoville, Jr.,* for appellees.

OPINION BY MR. JUSTICE DREW, June 30, 1933:

Plaintiffs brought this action in assumpsit on a written contract to recover an unpaid balance which they claimed to be due them on their commissions as architects in designing and supervising the construction of an apartment building for defendant. After a verdict for plaintiffs and the refusal of defendant's motions for judgment n. o. v. and a new trial, judgment was entered for plaintiffs, and defendant appealed.

This case is before us for the second time; the first trial resulted in a judgment for plaintiffs, which was reversed by us because of errors in the charge of the court: 307 Pa. 320. The issues on this trial were substantially the same as those in the previous trial.

The contract between plaintiffs and defendant provided that the work of supervision should be done to the satisfaction of defendant. The latter contended that the supervision was not satisfactory, alleging that the plaintiffs permitted steel pipe to be substituted for the wrought iron pipe called for by the specifications. Plaintiffs testified that they discovered the substitution and called it to the attention of defendant at an early stage of the work, when the small amount of inferior pipe then installed could have been taken out without delay or expense to defendant, but that defendant told them to allow the substitution throughout the building, and defendant would take a credit from the contractors for the difference in price. This testimony was contradicted by defendant's officers, who testified that they knew nothing of the substitution of steel pipe until the piping of the building was almost completed, when the pipes were imbedded in the building and could not be replaced without great delay and expense.

At the close of the charge, defendant's counsel excepted to the failure of the trial judge to make specific

reference to an alleged admission of plaintiffs, and this was urged as ground for a new trial and assigned as error. The alleged admission occurred in a written report made by plaintiffs to defendant concerning extras claimed by the contractors. In dealing with the question of steel pipe, the report stated: "This was substitution of inferior and cheaper piping done at Mr. Essex's orders to Mr. Keating, without the knowledge of the Warren Apartment Co. or ourselves. This is not an extra. On the contrary, you are entitled to a credit of $3,016, as noted below. Also in our opinion there should be a very big credit due to the fact that this style pipe will shorten the life of the building." Defendant contended that this statement was an admission by plaintiffs that they did not, as they claimed, discover the substitution at an early stage of the work; plaintiffs, on the other hand, contended that it meant only that the orders of Essex (one of the general contractors) to Keating (the plumbing subcontractor) were given without the knowledge of plaintiffs or defendant. The respective contentions as to the meaning of the statement and its bearing on the case were fully brought out in the testimony, and we cannot agree that the trial judge erred in not dealing specifically with the same matter in his charge. As was stated by President Judge RICE in Com. v. Wasson, 42 Pa. Superior Ct. 38, 62, "The extent to which a trial judge ought to go in reviewing, analyzing and commenting on testimony depends very largely upon the circumstances and nature of the case, and, to some extent, upon the line of argument pursued by counsel in addressing the jury. Generally it must be left to his sound discretion." It was pointed out by Mr. Justice MITCHELL in Com. v. Kaiser, 184 Pa. 493, 499, that "It is not possible nor even desirable that the judge should refer to and emphasize every item of evidence on both sides in a way that the counsel would consider adequate." The court below did not err in this matter.

The contract between the parties provided that the plaintiffs should receive two per cent of the "actual aggregate construction cost" as their compensation for preparing the plans and specifications, and a like sum for supervising the construction. The court below instructed the jury that their verdict, if for plaintiff, must be for $14,585.86, a figure based on $637,026 as the cost of construction. Defendant contends that the cost of construction was only $506,538.02, and that the court below erred in instructing the jury, in effect, that it was $637,026, for which reason a new trial should be granted.

The defendant admits that the contract price was $638,300, and it was conceded by plaintiffs that defendant was entitled to a deduction of $1,274 from this sum as a result of additions to and deductions from the work. If the evidence had stopped here it would be clear that the court below acted properly in finding that the cost of construction was $637,026. Defendant, however, insisted that the construction cost was only $506,538.02, and attempted to prove this by evidence that the contractors brought suit against defendant on the contract for the construction of the building, and that that litigation was compromised and settled for $506,538.02. This evidence could not alter in the least the effect of the admitted facts above stated. We seriously question its competence for any purpose in the case. The compromise amount in no sense determined the cost of construction. The contractors may have settled in a spirit of compromise or may have been forced to take less than their claim by an urgent need for payment. We conclude therefore that the court below was right in finding that the cost of construction was $637,026. There was not a bit of competent evidence in the case to show any other figure.

There is no merit whatever in the other questions raised by appellant.

Judgment affirmed.