Com. of Pa. *v.* Kretezitis, Appellant.

**6**

Argued October 9, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*W. Horace Hepburn, Jr.,* for appellant.

*Oscar Brown,* Assistant District Attorney, and with him *Ephraim Lipschutz,* Assistant District Attorney, and *Charles F. Kelley,* District Attorney, for appellee.

Opinion by Baldrige, J., December 16, 1933:

The defendant was found guilty of assault and battery with intent to rape.

In this appeal he contends that, accepting the evidence of the Commonwealth to be true, it was insufficient to establish any intent other than to persuade Mrs. Colan to have sexual intercourse with him. Our views are not in accord with that argument. The testimony upon the part of the Commonwealth was that Mrs. Colan was employed as a waitress in the defendant's restaurant. She was in the dining room between 4 and 5 o'clock in the afternoon of August 3, 1932, and defendant called her into the kitchen, which required her to go through an archway of about 6 feet connecting the two rooms; that when she entered the kitchen, the defendant, whose back was towards her, turned, and she then saw that his personal parts were exposed. She immediately started to run back to the dining room, but he grabbed her before she was able to escape, pulled up her uniform, and attempted to have sexual relations with her. She screamed and hurried to the dining room where her street dress was hanging, took it and ran out of the room, and never returned, not even to receive the three days' wages that were due her. There was no other person in the kitchen except the defendant, and the only one in the front room was Pappas, a cook employed by the defendant, who told Mrs. Colan, when she came into the dining room and complained of her treatment, that she was foolish, that if she wanted to remain there she should go upstairs with the defendant and then she would have a steady job. The next day Mrs. Colan went to the Central Station to have defendant arrested.

This evidence, if believed by the jury, established the defendant's guilt. All the essential elements of the crime charged are present. The trial judge was careful in his charge to instruct the jury definitely that if it was the defendant's intent simply to detain Mrs. Colan for the purpose of securing her consent to have

intercourse with him, he would be guilty merely of assault and battery, and that before finding him guilty of rape, they must find there was an intent to have intercourse with her forcibly and against her will.

The defendant complains further that the trial judge did not impartially charge the jury, in that he failed to call to their attention that the only testimony upon the part of the Commonwealth was that of the woman, while the defendant's testimony that no assault occurred was supported by Pappas, Kachalia, employed as a dishwasher, who testified he was in the kitchen at the time of the alleged attack, and a witness by the name of Mellon, who said he had been sitting at one of the tables for two hours reading a newspaper when Mrs. Colan left. The trial judge called the jury's attention to the testimony of these witnesses. Evidently, the jury did not accept their testimony as true, and the judge, in his opinion overruling the motion for a new trial, referred to their testimony in the following language: "Doubtless, the jury was impressed, as was the trial judge, on the one hand with the apparent candor and truthfulness of Mrs. Colan's testimony, and on the other with the suspicion that the testimony of the defense was strongly tainted with perjury."

Taking the charge as a whole, we think the trial judge did not unduly stress the evidence of the Commonwealth or belittle the testimony of the defendant; but, on the other hand, he gave an impartial review of the evidence, adequately presenting the respective contention of the parties, and with enough reference to the testimony to aid the jury in recalling it as a whole so that they might reach a proper and just conclusion. This was all that was required: Lippincott et al. v. Warren Apt. Co., 312 Pa. 480, 167 A. 590.

Another contention of the appellant is that the jury should not have convicted him on the unsupported

testimony of Mrs. Colan, in view of the lack of corrobative circumstances. Corroboration was unnecessary to support the charge of the Commonwealth. It is only when testimony is so indefinite, contradictory or unreliable that it would be unsafe to rest a conviction thereon that corroboration is required: Com. v. Cyaus, 88 Pa. Superior Ct. 227, 230. The testimony of Mrs. Colan, as already noted, was clearly not in that category.

We have examined with care all the assignments of error and find them without merit.

Judgment is affirmed, and it is ordered that the appellant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.