## Haymarket Building and Loan Association *v.* Smigelsky, Appellant.

Argued January 21, 1936. Before KEPHART, C. J., MAXEY, DREW, LINN and BARNES, JJ.

*Robert T. McCracken,* with him *Joseph M. Smith,* for appellant.

*Yale L. Schekter,* with him *MacCoy, Brittain, Evans & Lewis,* for appellee.

OPINION BY MR. JUSTICE DREW, March 23, 1936:

This proceeding is to foreclose a mortgage. The defendant is the real owner and alleged mortgagor. His defense is forgery. A verdict was returned in plaintiff's favor, and from the judgment entered thereon defendant appeals. Of the numerous assignments of error we need consider but one.

Defendant complains of prejudice in the charge of the court with regard to the testimony of defendant's daughter, which in some respects the court characterized as lying testimony. From the record it appears that in 1929 the daughter, trading as the City and Suburban Realty Company, applied to plaintiff for a loan of $10,000 upon her father's real estate. At the settlement she produced a bond and mortgage in that sum already executed and acknowledged, upon the faith of which settlement was made and a check for the principal, drawn to the order of defendant, handed to her. She testified that she forged her father's name to the various instruments and the check endorsement, and appropriated and used the proceeds for her personal benefit. She made regular payments on the mortgage for about two years, when she failed in business and ceased payments. Defendant testified that he first learned of the mortgage when plaintiff's officer called to ascertain the reason for the default, at which time he repudiated the mortgage and denied all knowledge of it.

It appeared also that the daughter used the name of Smith instead of her family name of Smigelsky, and as such was known to business associates. At the beginning of her direct testimony she was asked: "You have done business under the name of Ethel Smith?" Her re-

ply was in the affirmative. On cross-examination, in reply to the question, "you have never changed your name to Smith," she said she had not, and agreed that her "true name" was Ethel Smigelsky. In instructing the jury the court said: "After Miss Smigelsky was sworn, the first thing she was asked was what her name was, and she said 'Miss Ethel Smith,' which was not true. She has admitted that she did not change her name, and that she is the daughter of the defendant. If you believe a witness has lied to you with respect to one thing, you may presume that that witness would lie to you or any one else with respect to anything and everything. That presumption is a rebuttable one, and notwithstanding the fact that you are convinced, or may be convinced she has lied with respect to one thing, you may believe all the rest of her testimony, or whatever part of her testimony you think is true, notwithstanding that original lie." Upon objection by defendant's counsel, the court supplemented the charge on this point in the following language: "Members of the jury, let us take up this question of lying first. You must reach your conclusion from your idea of what the witnesses have done; what I say or think on anything except as to the law should not have any effect on you. You may think, if you want to, that her name is Ethel Smith and naturally if you do that you will think that she was not lying in the beginning. Don't be bound at all by the statement by me that I thought, and still think that she was lying when she said her name was Ethel Smith. You are not bound by my thought about what she did."

Under the circumstances, these remarks in the charge were distinctly unfair to defendant. When it is remembered that his case rested entirely on whether or not the jury believed his daughter's testimony that she forged his name, the prejudicial character of the portion of the charge quoted is at once apparent. The witness had been using the name of Smith for many years, and was better known by that name than by the family name of

Smigelsky. From what appears, her testimony that she had done business under that name might well have been found by the jury to be truthful. Certainly it lacked the essential element which characterizes lying—intent to deceive and to affect wrongfully the opinions of others. She simply gave the name which she had been using and by which she had long been known to many people. The name of the witness was not at all material to the issue. In view of these circumstances, the language of the court was without justification, and its necessary effect was to prejudice the jury against the witness and against her testimony, upon the credibility of which defendant's whole case depended. We think this was clearly reversible error. We have repeatedly stated that a litigant has a right to a trial by a fair and impartial jury, whose consideration of his cause is not to be influenced by prejudicial language on the part of the court: see *Carr v. Mundorf,* 311 Pa. 214, 216-217, and cases there cited.

The judgment of the court below is reversed and a venire facias de novo is awarded.