Gregg *v.* George et al., Appellants.

Argued October 1, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, PATTERSON and PARKER, JJ.

*D. H. McConnell,* with him *J. R. McNary,* for appellant.

*J. Thomas Hoffman,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 24, 1941:

Edward Gregg, appellee, brought this action in trespass against W. D. George, Thomas M. Benner and Thomas Fitzgerald, appellants, individually and as reorganization trustees in bankruptcy for Pittsburgh Railways Company, to recover for injuries allegedly sustained by him when he was struck by one of the Railway Company's street railway cars. A trial before the court below and a jury resulted in a verdict for appellee in the sum of $6119 and appellants moved for a new trial. This motion, which was predicated upon, inter alia, the refusal to withdraw a juror because of alleged misconduct on the part of the trial judge during the trial and upon statements in the oral charge to the jury which counsel contended "tended to impair the right of individual

jurors to express and maintain their own opinion of the case", was refused by the court below and judgment was directed to be entered in accordance with the verdict. We now have this appeal.

The conduct to which exception has been taken by appellants consists of a conversation in which the trial judge became engaged with one of the jurors, in the presence of the entire jury, immediately prior to the judge's charge. The trial judge's version of the incident, set forth in his opinion for the court en banc overruling the motion for a new trial, is as follows: "When the trial judge walked on the bench, he spoke to the sixth member of the jury, who had served on a trial before said trial judge three years before, in a case where the jury disagreed. He unfortunately made the remark to the juror before he started the charge, to the following effect: 'I hope you don't have as much difficulty in arriving at a verdict as you had in the previous trial held before me'. The juror started to describe said trial and the trial judge did not interrupt him and discussed the same at some length, mentioning the fact that the trial judge had bought the jury their supper. Finally, in an effort to stop the juror, when we observed that counsel for the defendant did not like the remarks made by the juror, we said, 'Well, I don't know what ever happened to that case', and started to charge, when the juror remarked, 'Oh, I know what happened to it. I met an engineer for the company later and he told me they settled it for $12,000." This conduct on the part of the trial judge in thus conversing with one of the jurors was not only clearly unjudicial, but highly improper, and, in our opinion, constitutes a departure from judicial propriety in the conduct of a trial such as cannot be sanctioned or overlooked. Like the matter complained of in *Carr v. Mundorf*, 311 Pa. 214, "it wholly lost sight of the essential requirement that justice must be judicially administered", as the court below should have recognized by granting the motion for withdrawal of a juror or ordering a retrial.

In his oral charge to the jury, the trial judge warned any juror against taking an obstinate or arbitrary position, without regard to the recollection of the testimony and arguments advanced by the other jurors, which, of itself, was not objectionable *(Girard Trust Co. v. Page,* 282 Pa. 174, 178), but he then stated as follows: "That conduct on the part of a juror will almost insure that individual juror of having a good time when serving on the jury, but a juror who goes out with the idea that nobody else knows anything and does not have any confidence in the jury system to begin with, doesn't have a very good time up here and is not of much value to the court while here." The trial judge, in his opinion for the court en banc, concedes that in so instructing the jury he was stating "something rather unusual", and he expresses "some doubts" as to the propriety of this portion of the charge, because it "might have been misleading and injected a mistaken idea into the jury's mind, to wit, the question of his or her popularity with the other jurors", but nevertheless found it not improper, saying: "The trial judge certainly had in mind the question of protecting the defendant from what might have been the dominating attitude of one juror." The portion of the charge complained of was clearly improper. Compare *Miller v. Miller,* 187 Pa. 572. As counsel for appellants states: "This was apparently an attempt of the court to cure one error by committing another."

The improprieties and irregularities disclosed by this record are, in our opinion, so gross that, in the interests of a proper and orderly administration of justice, a retrial of the case must be ordered.

Judgment reversed and a venire facias de novo awarded.