## Cain *v.* Kohlman, Appellant.

Argued October 6, 1941.  Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Forest G. Moorhead,* with him *John G. Marshall,
John N. Sawyer,* of *Moorhead, Marshall & Sawyer,
George Y. Meyer* and *Samuel G. Wagner,* for appellant.

*Earl J. Schermerhorn,* with him *Ralph K. Smith,* of
*Smith & Schermerhorn,* for appellee.

OPINION BY MR. JUSTICE LINN, November 24, 1941:

Defendant appeals from judgment on a verdict for
plaintiff in an action for personal injury.  Plaintiff was
struck by defendant's truck while he was walking around
or standing alongside his car which he had just parked.

Appellant states two general propositions as reasons
for a new trial.  (1) "The charge of the court was er-
roneous, confusing and went beyond the bounds of pro-
priety."  (2) "The judge erred in examining a witness
in such a manner as was calculated to bring out defend-
ant's insurance."

The argument in support of the first proposition is
presented under four headings, the first of which is:
"(a) Defendant need not prove 'darting out' defense to
'satisfaction' of the jury."  In support of that, the brief
quotes the following sentence from the charge: "The
'defense of a 'darting out' case is a complete bar to re-
covery by Mr. Cain, if established to your satisfaction
in this case."  If that were the entire instruction on the
subject, we should be constrained to reverse because, in
a civil action of this kind, proof to the satisfaction of

the jury is not required. The reasons for this are stated at length in 9 Wigmore on Evidence, section 2498* and need not be repeated here. See also *Ott v. Oyer's Executrix*, 106 Pa. 6, 16. But before the instruction can be held harmfully erroneous, it is necessary to look at the rest of the charge: compare *Call v. Hallam Const. Co.*, 238 Pa. 110, 85 A. 1126; *Marshall v. Erie Taxicab Co.*, 340 Pa. 241, 15 A. 2d 925; *Masinko v. McLeary*, 337 Pa. 355, 11 A. 2d 648. While this charge is not a model to be followed, as the authorities cited in this opinion show, we think it sufficiently appears that the instructions meant, and should have been understood by the jury to mean, that if they believed, or were persuaded by the weight of the evidence, the facts should be found accordingly. Later on, in the charge, the jury was instructed: ". . . and if you are satisfied by the fair weight and preponderance of the evidence that the truck driver was negligent, and that Mr. Cain was not negligent, then you may consider damages." Again: "The burden of proof in this case is on the plaintiff, and the plaintiff must establish his version, must establish the negligence of the defendant to your satisfaction, by the fair weight and preponderance of the evidence, before you can find a verdict in his favor." The same phraseology was used with respect to proof of damages. In closing the charge, after requests were answered, the instruction was: "If you are satisfied or convinced by the fair weight and preponderance of the evidence that Mr. Cain was guilty of contributory negligence, and that includes both his position by the car, as related by him, or by his movements, as related by witnesses for the defendant, if, under either or any circumstance in this case, you are convinced that Mr. Cain was guilty of contributory negligence, negligence which, in the slightest degree, contributed to the accident, you may end your deliberations there and return a verdict for the defendant. If you are satisfied by

---

* See, particularly, the quotation from Trickett on pages 326-327.

the fair weight and preponderance of the evidence that the driver of the truck was negligent and that Mr. Cain was not negligent, you may then return a verdict for the plaintiff, in such amount as you will determine, under the evidence."

*Ott v. Oyer's Executrix,* supra, is referred to by appellant. But the instructions complained of here do not contain the error present in that case. The instruction there condemned was in these words: "He must satisfy you by the weight of the evidence and by competent evidence, by testimony in which you have *implicit confidence.*" Of that instruction, TRUNKEY, J., said at page 16, "This was equivalent to an instruction that there must be no doubt resting on the minds of the jury respecting the testimony they were to weigh or consider. True, the jury were told they were to determine the credibility of witnesses, but the fact remained that they were instructed that they must be entirely satisfied by testimoney in which their confidence was implicit, that is, without doubt. Instead of the context showing that the testimony of a witness might have some weight, if they did not believe it wholly free of doubt, it intensified the force of the words. . . . In effect the jury were instructed that they must give his testimony implicit confidence, or reject it. The credit of a witness may be so shaken that a jury would not rely upon his testimony alone to establish a fact, and yet justly consider it with other testimony. The degree of weight to be given the testimony of each witness is for the jury, not the court." Reference may again be made to 9 Wigmore, section 2498.

The next sub-heading in the brief is: "Trial judge failed to define terms in his charge." It is said that "The judge mentioned such terms as 'burden of proof', 'fair weight and preponderance of evidence', 'contributory negligence', etc., but did not explain the terms nor demonstrate the possible applications to the various contentions of the parties." We think there is no substantial basis for this criticism.

The third sub-heading is: "It was error not to give further instructions and clarify issues upon request." After the charge was completed, counsel were asked, "Is there anything further, either as to the facts or the law?" A colloquy, too long to be quoted here, then took place between the court and counsel for the defendant. While counsel was suggesting that more detailed reference to evidence should have been made, he said that the judge had stated to the jury that it was impossible for a certain witness to have seen the occurence to which he testified. At that point the judge interrupted, "I didn't say it was impossible. I asked the jury whether or not it was impossible." Counsel for the defendant replied, "I think you told the jury." The court said, "No, I asked the question: 'Could he?'." We find the statement in the charge to be: "Could he or could he not have seen that?" There was a second interruption: While counsel was stating "if Mr. Cain ran out there improperly," he was interrupted by the learned trial judge, who said, "Oh, if Mr. Cain ran out there, that is the end of Mr. Cain's lawsuit." In the argument under this sub-heading, the brief says: "Instead of accepting these [suggestions made during colloquy] with proper judicial grace, the judge interrupted him twice and then sarcastically, without any valid reason, remarked to the jury: 'Out of consideration for [defense counsel's] age, ability and courteousness, we will grant him the last speech. You have heard what he said; you may take it into consideration in your deliberations. You may take the case.'"

As to the first interruption, the fact is that the record shows that the judge was right and counsel's recollection wrong; as to the second the judge repeated the instruction concerning the effect of Cain's "running out," which was an instruction favorable to the defendant's position. The only portion of the oral request then made for instruction which can be said not to have been granted, was that generally suggesting additional ref-

erence to evidence. Considering the colloquy, as related to the charge, we think the omission was harmless; it cannot be said that the instructions as a whole were out of balance, and a trial judge is not required to review minutely all the testimony: *Trusty v. Patterson*, 299 Pa. 469, 149 A. 717; *Lippincott v. Warren Apartment Co.*, 312 Pa. 480, 167 A. 590.

It is well settled, as experience has shown, that in the conduct of a trial much must be left to the judicial discretion of the judge. Such discretionary acts are supported on appeal unless it clearly appears that they are prejudicial: compare, for example, *Carr v. Mundorf*, 311 Pa. 214, 166 A. 789; *Duffy v. Griffith*, 134 Pa. Superior Ct. 447, 4 A. 2d 170; *Berry v. Pittsburgh Rys. Co.*, 55 Pa. Superior Ct. 289, 297, with *Lippincott v. Warren Apt. Co.*, 312 Pa. 480, 482, 167 A. 590. We think on this point the record discloses no reversible error.

The fourth sub-heading is to the effect that the plaintiff's contentions were unfairly emphasized and the defendant's minimized. For the reason stated in disposing of the preceding point, we also reject this contention.

The second general division of appellant's argument remains to be considered. Defendant's truck that ran into plaintiff was driven by Frank Franzini, called as a witness by defendant. After he had been examined, cross-examined and re-examined, he was asked: "By the Court: Q. Another thing: You say that this Nick wrote down his name on a paper and gave it to you that day? A. Yes, sir. Q. Did you furnish the piece of paper for him to write that on? A. No, sir. Q. Or did he? A. He put it on an old piece of paper. Q. Now, Mr. McCarthy, you say, gave his name and address; was that written down? A. Yes. Q. Where is the paper that you wrote it on? A. I don't know where it is, now. Q. Did you give it to anybody? A. No, sir. I gave it down to the shop, so they could give it to the insurance people." Counsel for defendant, at side bar, moved to withdraw a juror because the answer that the witness gave the paper

to the shop "so they could give it to the insurance people," "brought before the jury the fact that defendant is insured and prejudiced the defendant before the jury." The motion was refused on the ground that the part of the answer complained of was not responsive to the question asked and, in any event, was too indefinite to violate the rule prohibiting reference to insurance. There is authority for dismissing the motion: see *Hendrickson v. Quaker City Cab Co.*, 84 Pa. Superior Ct. 218, 220; *King v. Keller*, 90 Pa. Superior Ct. 596, 605; *McCaulif v. Griffith*, 110 Pa. Superior Ct. 522, 535, 168 A. 536; *Amey v. Erb*, 296 Pa. 561, 567, 146 A. 141.

The cases show that occasionally, through inadvertence or want of proper judicial restraint, a trial is not fairly conducted and that, in consequence, a new trial must be granted: *Carr v. Mundorf*, 311 Pa. 214, 166 A. 789; *Welsbach Street Lighting Co. v. Phila.*, 318 Pa. 166, 178 A. 126; *Haymarket B. & L. Ass'n v. Smigelsky*, 321 Pa. 337, 183 A. 802; *Duffy v. Griffith*, 134 Pa. Superior Ct. 447, 4 A. 2d 170. This case has not been shown to be within that class.

Judgment affirmed.