## RODGERS v. ASHLEY.
### No. 11074.

United States Court of Appeals,
Third Circuit.

Argued Oct. 23, 1953.

Decided Oct. 30, 1953.

Max E. Cohen, Philadelphia, Pa., for appellant.

David Kanner, Philadelphia, Pa., for appellee.

Before MARIS, GOODRICH and KA-LODNER, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment recovered by the plaintiff for personal injuries sustained in an automobile accident. The defendant gives four grounds for his claim either for judgment for himself or for a new trial.

The first is the alleged contributory negligence of the plaintiff. The plaintiff, while walking across a busy highway, was struck by the defendant's automobile. The contributory negligence of the plaintiff was an arguable question and we think, on all the testimony, it was properly submitted to the jury.

The defendant complains that the trial judge incorrectly instructed the jury about the duty of a motorist to a pedestrian at an intersection. He says that the trial judge made a finding of fact, namely, that the accident took place at an intersection, and then instructed accordingly. Whatever value this point would have is lost because there is direct testimony that the accident did take place at the intersection and no testimony that it did not. The slight variation among the witnesses as to where the plaintiff was hit still leaves the situs of the accident at a highway intersection.

The complaint is made that one of the witnesses mentioned an insurance.

company in saying to whom he gave a statement. Under the circumstances this is not grounds for a new trial. There was no statement that the insurance company was the one with which the defendant was insured and the company could as well have been one who insured the plaintiff or his employer as the one who insured the defendant. See Cain v. Kohlman, 1941, 344 Pa. 63, 22 A.2d 667.

Finally, the defendant complains that the charge of the trial judge was calculated to inflame and prejudice the jury. In the course of his charge the trial judge said:

> "You see, since the advent of the automobile these cases of personal injury have risen immeasurably. You are trying a case which is very tragic to both sides, very tragic to the plaintiff and very tragic to the defendant. It is one of the hundreds of those tragedies which occur each year in this great country of ours. I think that the statistics show that some fifty thousand are killed each year and a million injured on our highways notwithstanding the fact that the States and this great Government of ours have built beautiful highways and the manufacturers of automobiles have built wonderful machines, and still the slaughter goes on, and juries all over our land are having to pass on cases just like this every day."

The language is not to be commended for it is extraneous to the controversy and, therefore, not helpful to the jury which had to decide it. On the other hand, it did not tell the members of the jury anything they did not already know. It was given in the middle of a charge which covered the points in the case. We have no reason to think the jury did not take it in their stride. We do not believe that jurors are so susceptible to emotional waves as counsel sometimes suggest they are.

The judgment of the district court will be affirmed.