# Commonwealth *v.* Mtynarczyk, Appellant.

*Criminal law—Rape—Threats—Charge.*

On the trial of an indictment for rape, it appeared that the prosecutrix delayed informing her husband of the circumstance until the evening after the morning it occurred, and brought no criminal prosecution until three months thereafter, and that the prosecutrix and her husband had had a quarrel with the prisoner about a business transaction, and prosecutrix had made threats against him. Defendant presented this point: "The delay in the prosecution should be considered by the jury, and if her explanation of same is unreasonable, and you find from the evidence that it was done to extort money or property from the defendant, these facts affect her credibility, and if you have a doubt about the truth of her story, then it would be your duty to acquit." The court refused the point, saying: "A reasonable doubt about anything that is material to guilt should work acquittal of defendant, simply some trifling doubt about immaterial things should not." *Held,* that the answer was harmful error, inasmuch as it had a tendency to create, in the minds of the jury, the impression that the delay under the circumstances was a trifling or immaterial matter.

Submitted May 6, 1907. Appeal, No. 14, April T., 1907, by defendant, from judgment of O. & T. Westmoreland Co., Feb. T., 1906, No. 1, on verdict of guilty in case of Commonwealth v. W. Anzelm Mtynarczyk. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Indictment for rape. Before McCONNELL, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed.

*Error assigned* among others was answer to the point quoted in the opinion of the Superior Court.

*Denna C. Ogden* and *Wm. T. Dorn,* for appellant.

*J. E. B. Cunningham,* for commonwealth.

OPINION BY RICE, P. J., October 7, 1907:

The first three assignments of error relate to the admission of testimony, the fourth to a portion of the charge of the court, the fifth, sixth, seventh and eighth to the answers to points submitted by the defendant, and the ninth to the refusal of the defendant's motion for a new trial. With regard to the last we remark that the motion was based upon ex parte affidavits alleging after discovered testimony. An examination of the affidavits fails to convince us that the court committed an abuse of discretion in overruling the motion. Under the certificate of the trial judge the only matters properly before us for review are the answers to the points, and as to them we are of opinion that no reversible error was committed except in the answer to the seventh point. We shall, therefore, not discuss the assignments as to the admission of testimony or as to the instructions alleged to have been contained in the general charge. In order to a proper understanding of the question raised by the defendant's seventh point it will be necessary to briefly recite some of the facts.

The prosecutrix, a married woman, testified that she went to the parish house, occupied by the defendant as priest, between seven and eight o'clock in the morning, for the purpose of collecting a small sum due her husband. She says that after she had transacted the business and was about to leave the house, the defendant solicited her to go upstairs with him, and upon her refusal, caught hold of her, locked the front door, and dragged and pushed her upstairs. On reaching the second story, she says, he pushed her through one room, locking the door and putting the key in his pocket, and threw her upon a bed in the adjoining room. Noticing that a window in this room was raised, he went to close it, and while doing so she sprang from the bed and tried to escape from the room. She says he again seized her, and, after several attempts, notwithstanding her resistance and outcries, not only succeeded in his purpose but repeated the criminal act. It will be seen this is not a case where the act was accomplished while the woman was insensible through fright or any other cause, or where her consent was obtained by imposition, or where her will was overcome by fear so extreme as to deter her from resistance. It is a case wherein, it is claimed, the defendant intended to

gratify his passion at all events and notwithstanding the utmost resistance on the part of the woman, and wherein there was on her part the utmost resistance of which she was capable. It is argued that, by reason of the nearness of the much traveled street, and other habitations, and the degree of physical force necessary to be exerted by the defendant, and the extent of physical resistance of which she was capable, her testimony is incredible; but that was a question for the jury, not for the court. But it is deemed proper to say that the circumstances narrated by her were of such a nature as to require scrutiny of her testimony, and the most careful consideration of the evidence as to her subsequent conduct. In such a case, if ever, the admonition of Sir Mathew Hale, quoted by Blackstone (4 Com. 215) should be observed by court and jury, and care should be taken lest indignation against the defendant, because of his calling and his relation to the prosecutrix and her husband, be permitted to obscure the distinction between an offense against chastity, grevious as it may have been, and the more heinous offense against the person charged in the indictment. It is deemed an important test of sincerity of the woman that she made prompt complaint, and if she concealed the injury for any considerable time after she had opportunity to complain, this and the like circumstances justify a strong inference against the truthfulness of her testimony, particularly so far as it relates to the grade of the crime. In this case the alleged outrage was committed between seven and eight o'clock in the morning. The prosecutrix passed along the streets, which were shown to have been much traveled at this time of the day, to her home, and made no complaint to anyone until her husband returned from his work in the evening. Her explanation of the delay appears to have been satisfactory to the jury, and we will make no further comment on the fact. But in addition to this delay in making complaint to her husband, there was a delay of nearly three months before the prosecutrix made the information upon which the warrant was issued for the defendant's arrest. The fact of this delay in prosecuting is given additional significance by the fact that the prosecutrix and her husband had a dispute with the defendant growing out of a land contract entered into before the alleged assault, and by the testimony as to threats alleged to have been

made by the prosecutrix of what she would do if the defendant did not comply with her demand. The defendant's seventh point was evidently framed for the purpose of having prominently brought to the attention of the jury the fact of this delay and its significance in view of the other circumstances. The point reads: " The delay in the prosecution should be considered by the jury, and if her explanation of same is unreasonable, and you find from the evidence that it was done to extort money or property from the defendant, these facts affect her credibility, and if you have a doubt about the truth of her story, then it would be your duty to acquit." If the learned judge had refused the point because the word " doubt " was not accompanied by the qualifying word " reasonable," he would have been technically right. But even though the point were to be refused because of this technical defect in its wording it was highly proper that the general thought contained in the point should be brought to the attention of the jury; at least that its importance should not be minimized. In refusing the point the learned judge said: " A reasonable doubt about anything that is material to guilt should work acquittal of defendant, simply some trifling doubt about immaterial things should not." The answer is not characterized by the usual clearness of the learned trial judge; but we cannot avoid the conclusion that it had a tendency to create in the minds of the jury the impression that the delay under the circumstances was a trifling or immaterial matter. Of course it was not conclusive. It was subject to such explanation as the prosecutrix could make. Nevertheless, if the delay was accompanied by such conduct and threats as showed that the prosecution was held in abeyance until the prosecutrix's demands regarding the land contract were complied with, and that the prosecution would not be instituted if they were complied with, it was an important and material fact to be considered by the jury, in connection with the other extraordinary circumstances. We cannot regard the error as harmless; a relevant fact which might create a reasonable doubt cannot be regarded as trifling and unimportant in the trial of an indictment for rape. We are of opinion that the answer was misleading and, therefore, erroneous, and that the cause of justice will be subserved by a retrial of the case.

Judgment reversed and venire facias de novo awarded.