# Commonwealth v. Comporto, Appellant.

*Criminal law—Murder—Confession—Evidence.*

1. On the trial of an indictment for murder a confession of the prisoner is properly admitted in evidence where such confession fairly justifies an inference that the prisoner and another man were jointly concerned in the perpetration of a robbery, and that although the killing was done by the other man inside of a building while the defendant was outside, the defendant had knowledge beforehand of the plan.

2. Where a confession is offered in evidence, and the court strikes out, at the request of the defendant, a portion of it which relates to the defendant's criminal record, the latter cannot then demand that the whole of the confession should be stricken out on the ground that when a confession is offered it must go in as a whole. In such a case the defendant cannot complain on appeal of the action of the court in excluding, at his own instance, a portion of the confession.

3. On the trial of an indictment for murder a verdict of guilty of murder of the first degree will be sustained where the evidence tends to show that the defendant and a confederate went to a house in the nighttime for the purpose of robbery, and that according to the defendant's confession the confederate went inside and did the killing, while the defendant remained on the outside, although the proof of the com-

monwealth, apart from the confession, did not indicate which of the two did the killing.

Argued May 10, 1911.  Appeal, No. 42, Jan. T., 1911, by defendant, from judgment of O. & T. Phila. Co., Nov. Sessions, 1909, No. 213, on verdict of guilty of murder of the first degree in case of Commonwealth v. Michael Comporto.  Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ.  Affirmed.

Indictment for murder.  Before CARR, J.

The facts are stated in the opinion of the Supreme Court.

Verdict of guilty of murder of the first degree, upon which judgment of sentence was passed.

*Errors assigned* were in the following form:

1. That the learned court erred in overruling the objection of counsel for the defendant in the admission of the confession in evidence.

2. The learned court erred in overruling the motion of counsel for defendant to strike out the portion of the confession that has been admitted in evidence.

3. The learned court erred in charging the jury as follows:

Now, therefore, we pass to the next questions of fact. There are two involved; whether the defendant did the shooting, or whether he was there, aiding and abetting; either one thing or the other; either he did the shooting, if you find that fact, or he was there, aiding and abetting.

4. The learned court erred in refusing to charge the jury as requested in the second point presented by counsel for the defendant as follows:

It is incumbent upon the commonwealth to prove beyond a reasonable doubt that the deceased was killed by De Massi in the perpetration or attempt to perpetrate a robbery, and also that Comporto was a party to said robbery before it can ask for a verdict of guilty of murder in the first degree.

5. The learned court erred in refusing to charge the

jury in the sixth point as presented by counsel for the defendant as follows:

If the jury is not convinced beyond a reasonable doubt that De Massi killed deceased in the perpetration or attempt to perpetrate a robbery, then they cannot find this defendant guilty as indicted.

6. The learned court erred in refusing to charge the jury as requested in the tenth point presented by counsel for defendant as follows:

Under all the evidence in this case the jury cannot find a verdict of guilty of murder in the first degree.

*Charles J. Roney, Jr.,* and *C. Stuart Patterson, Jr.,* for appellant, cited: Com. v. Clark, 130 Pa. 641; Com. v. Greene, 227 Pa. 86; Buck v. Com., 107 Pa. 486.

*Wm. A. Gray,* assistant district attorney, with him *Samuel P. Rotan,* district attorney, for appellee.

OPINION BY MR. JUSTICE POTTER, July 6, 1911:

The appellant, Michael Comporto, was charged with the murder of James F. Quinn during the perpetration of a robbery. He was convicted of murder of the first degree and sentenced therefor. In this appeal his counsel allege in the first assignment of error, that the court below erred in admitting in evidence against their objection, a confession made by defendant. They contend that the confession does not show such knowledge of the criminal design as to make it inculpatory. But with this suggestion we cannot agree. Our examination of the confession. shows that defendant stated that early on the day of the murder, he met the man Frank, otherwise known as De Massi, who said he was going out to do something and get some money; that they were drifting around and drinking together all day; that together they entered Quinn's saloon in the afternoon and saw a man there counting money; that in the evening they went together to the vicinity of Quinn's saloon, and hid under cover of a stone

wall until about 10:30; that then defendant's companion went into the saloon; shots were heard almost immediately, and his companion came out with a pistol in his hand and told defendant that he had killed one man, and probably two; that he had shot one with a revolver in each hand, and had stolen $30.00; and that they went away together in a Germantown car, the murderer saying, "I have money to ride on the car now; come on." It is plain that the defendant sought to put the blame upon his companion, but the statement was properly admitted as evidence for the consideration of the jury. It fairly justified an inference that the two men were jointly concerned in the perpetration of the robbery, and that defendant had knowledge beforehand of the plan. It also explained his presence at the place of the robbery at the time, and gives his version of the part which he took in the affair.

From the notes of testimony it appears that the commonwealth offered the confession in evidence, and it was admitted against objection. Then defendant's counsel moved to strike out a portion of the confession, which recited the criminal record of defendant. The commonwealth did not object to this motion, and it was granted. The defendant's counsel then moved to strike out the remainder of the confession, on the ground that after a portion had been omitted, even though it was at defendant's request, the remainder was not admissible, as it did not include the whole of the statement. The refusal of this motion is made the ground of the second assignment of error. The portion of the confession which was excluded, admitted defendant's previous conviction of crime on two different occasions, and his service in prison. On his last sentence he had been released from the penitentiary less than three weeks before the murder for which he was being tried. This would certainly have tended to prejudice the jury against the defendant, and its exclusion was of course to his advantage. It would be mere trifling to accede to his request to exclude a portion of the confes-

sion, and then permit him to make the favor a ground of objection against the admission of the remainder of the confession, because it no longer contained the whole of it. When he was permitted to object successfully to the admission of a portion, he must be regarded as having waived his right to the application of the general rule which requires the whole of a confession to go in. We do not say that there was any error in excluding a portion of the confession at the instance of the defendant, but if there was, the defendant's counsel cannot complain of it: Pantall v. Coal & Iron Co., 204 Pa. 158; Bigham's App., 123 Pa. 262.

In the third assignment, counsel for appellant argue that the trial judge, in submitting the facts, practically instructed the jury to find that defendant did the shooting, or was there, aiding and abetting, thus excluding the possibility of his presence at the time with an innocent purpose. But the context shows that, immediately after using the language complained of, the trial judge charged at length upon the evidence on these points, reminding the jury several times that the conclusions to be drawn from the testimony were entirely for them. Finally he said: "Now, I say those are the questions of fact for you to pass upon. I express no opinion on them whatever. They are for you and for you distinctly." The sentence of which complaint is made is not as clear in itself as it should have been, but when taken in connection with the context, and with the charge as a whole, we see no room for any misunderstanding on the part of the jury.

In the fourth and fifth assignments complaint is made of the refusal of defendant's second and sixth points for charge. These points required the jury to find, as an essential to the conviction of defendant, that the shooting was done by De Massi, in the attempt to perpetrate a robbery, and that defendant was a party to the robbery. But the evidence upon the part of the commonwealth, aside from the confession, did not indicate which man did the shooting. It indicated that it was done by one or the

other.   Defendant by his own statement accused De Massi of doing it.   The trial judge submitted to the jury the question whether the defendant had done the shooting, or was present, aiding and abetting.   This was a proper submission under the evidence.

In the general charge the jury were expressly instructed that in order to convict defendant they "must find that there was a robbery committed, or an attempt to commit a robbery."   The judge further said that, whether a robbery was committed was one of the first facts for the jury to settle and determine.   "You will determine whether or not the shooting was with intent and in the attempt to commit a robbery.   Because, if you find that the shooting was done in the perpetration of a robbery, or in the attempt to perpetrate a robbery, then you would be warranted in finding the contention of the commonwealth to be correct, that there was a murder committed here by some one in the attempt to perpetrate a robbery."

The judge also affirmed, without qualification, the first point submitted by defendant, which was: "The mere presence of the defendant at the scene of the crime is not sufficient to charge him with a guilty knowledge of the alleged robbery, and the jury must be satisfied beyond a reasonable doubt that he actually participated in some manner in the said robbery before they would be justified in rendering a verdict of murder in the first degree."

There was evidence, sufficient if believed by the jury, to warrant the finding that the defendant and De Massi went together to Quinn's saloon on the evening of the murder, for the purpose of robbing it, and that when De Massi went inside, defendant remained on the outside.   It was not material who fired the fatal shot, if the men were united in the common purpose of robbery.

We find no merit in any of the assignments of error, and they are all dismissed.

It is ordered that the judgment be affirmed, and the record remitted to the court below, that the sentence may be executed.