## Commonwealth *v.* Davison, Appellant.

Argued April 14, 1930.

Be-
fore TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-
NINGHAM, BALDRIGE and GRAFF, JJ.

*Ray Patton Smith,* for appellant.

*Clarence E. Davis,* First Assistant District At-
torney, for appellee.

OPINION BY LINN, J., July 21, 1930:

Appellant was acquitted of rape, and convicted of
fornication and bastardy. While all of the complaints
made here have been considered, only one merits refer-
ence. At the conclusion of the evidence and preceding

the charge of the court, the printed record shows the following:

"Mr. Smith [attorney for appellant] : We object to the remark of the district attorney in his argument to the jury, in which he stated that the defendant had not denied having intercourse with the prosecutrix, Rosemary Riffle, for the reason the district attorney may recall defendant's first answer was to that very question, 'she is a liar.' We ask that a juror be withdrawn and the case continued. By the court: We overrule the motion, and note an exception to the defendant.

"By Mr. Smith: We object to the remarks of the district attorney in his argument to the jury in saying that the defendant might be called a skunk, spelling it out. We believe this is highly prejudicial to this defendant, and, therefore, move that a juror be withdrawn and the case continued on account of improper remarks of the district attorney. By the court: The motion is overruled, and an exception noted to the defendant." The refusal to grant those motions is assigned for error in various assignments.

In charging the jury, the learned trial judge said: "We may say to you further any words or arguments of counsel made in the heat of argument, or any names mentioned that might appear to reflect on the parties, you will disregard—for example, the fact the district attorney referred to a certain word; we believe the word 'skunk.' You should not allow that, of course, under any circumstances to govern you in arriving at your conclusion. Counsel on either side in the heat of argument may say something, which if they had time to consider they would not say. It would hardly mean anything to an intelligent jury, and we direct you not to consider that term in any sense in arriving at your verdict."

Standing alone, the facts stated in the motions give an imperfect idea of what occurred, and certainly

furnish no ground for reversal within the well known rule.

If, as asserted, the district attorney said that defendant did not deny intercourse with the prosecutrix, the misstatement, if it may be so considered, was immediately corrected by appellant's counsel so that the jurors were not misled. The record shows that defendant was asked this question by his counsel: "The prosecutrix testified you had intercourse with her. What do you say about it?" He answered: "she is a liar." If he had squarely denied it, by saying that he had not had intercourse with her, instead of giving the evasive and irresponsive answer, that "she is a liar," there would have been less ground for the district attorney's assertion that defendant had not denied it; but, if we consider the statement as wholly unwarranted by the evidence, we can still not sustain the assignment of error for reasons to be stated.

The other complaint—that the district attorney said "that defendant might be called a skunk, spelling it out,"—is quite unintelligible without the context in which the expression was used; accordingly, at the oral argument in this court, counsel explained that during the argument to the jury, counsel for the appellant pictured for its guidance a sign on which, he said, he would place the word "doubt," and that, in replying to that argument, the district attorney stated that a more appropriate word for the sign would be "skunk." It will thus be observed that the record, as printed, gives a poor idea of the situation that the learned trial judge passed on. In Com. v. Shields, 50 Pa. Superior Ct. 1, 24, President Judge RICE said that he was of opinion that an assertion of counsel so made in a motion to withdraw a juror, would not, without more, bring the fact asserted on the record for purposes of review. We might perhaps likewise hold the present record insufficient. But we have considered the complaint on the merits, and so treating it as prop-

erly and completely before us, and understanding that the district attorney said ''that the defendant might be called a skunk, spelling it out'' while dealing with the argument of appellant's counsel concerning ''doubt'' in the minds of the jurors, we are of opinion that no cause to reverse has been shown.

These complaints call for the application of the rule that an appellate court will not reverse an order made in the exercise of judicial discretion unless abuse of power is shown. The trial judge is in control of the trial, is better informed of what takes place in his presence, and therefore better qualified to pass on the probable effect on the jury of ill-advised argument of counsel than an appellate court; his action is subject to review, but will not be reversed unless (as stated in Com. v. Meyers, 290 Pa. 573, 581) ''its unavoidable effect would be to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant, so that they could not fairly weigh in his behalf such circumstances of doubt, extenuation or degree of guilt that may be present in the case, and thus make them unable to render a true verdict.'' This rule has been considered recently in a number of cases. It was considered in Com. v. Shoemaker, 240 Pa. 255, 259, with reference to many supporting decisions, and later in Com. v. Smith, 270 Pa. 583, 587; Com. v. Torti, 283 Pa. 43, 48; Com. v. Meyers, supra; Com. v. Touri, 295 Pa. 50, 57; Com. v. Schoenleber, 96 Pa. Superior Ct. 76, 82; Com. v. Del Vaccio, 299 Pa. 547, 553; Com. v. Flori, 300 Pa. 125, 129. Those decisions furnish instances in which it was held, on the one hand, that there was abuse of discretion in not withdrawing a juror, and on the other, that it was proper to refuse such motion; and they show why a given case falls in one class or the other. While the remark of the prosecuting officer was unjustified, we have no difficulty in concluding that, in the circumstances, it was not such a statement as would unfairly prejudice the jury

against appellant, within the terms of the rule quoted above. It is to be kept in mind that the learned trial judge promptly and properly instructed the jury not to be influenced by the remarks. Moreover, after the trial he again considered the subject in the light of the verdict, before the motion for a new trial and the motion in arrest of judgment were dismissed by the court in banc. In his opinion on those motions, he said: "Among other reasons given was that the district attorney in his argument emphasized the word 'skunk' in reference to the defendant, spelling it out. This was in answer to the argument of counsel for the defendant in which, as we recall, he had spelled out the word 'doubt.' At any rate, we immediately cautioned the jury to disregard this matter and to disregard the words of the attorneys used in the heat of argument, and we feel that this remark did not influence the jury. Under the testimony the defendant could have been convicted of statutory rape. There was conflicting testimony as to the girl's reputation. We are satisfied that we submitted the case fairly and impartially to the jury and the jury were the judges of the facts and convicted the defendant of fornication and bastardy upon competent testimony."

In the light of the consideration given to the matter in the court below as shown by the record, this is not a case in which the rule requires us to reach a different conclusion.

Judgment affirmed.