Commonwealth *v.* Oyler, Appellant.

Argued October 25, 1937.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES,
JJ.

*Sidney G. Handler,* of *Douglass & Handler,* with him *George S. Black* and *Braddock & Sohn,* for appellant.

*J. Glenn Benedict,* District Attorney, for appellee.

OPINION BY PARKER, J., March 4, 1938:

The defendant has appealed from a sentence imposed by the court below after a verdict finding him guilty of rape. He contends that the evidence was not sufficient to support the verdict of guilty and that the trial judge erred in rulings on admission of evidence and in his charge to the jury. A careful examination of the twenty-two assignments of error discloses no substantial error that would warrant a reversal.

Alma Smith testified in part that she was 23 years of age and weighed ninety-one pounds when she was attacked by the defendant; that she was a stenographer in the office of the Scotland School which was situated outside the village of Scotland, and that she had her residence at the school; that on October 8, 1936 shortly after nine p. m., the night being very dark, the defendant with whom she had a slight acquaintance approached her as she was leaving the village and asked permission to accompany her to the school; that she discouraged him but he insisted in forcing his company on her; that after they had passed along the country road a distance of four hundred yards or more he made improper advances to her which she repulsed, and that when they came to a lane leading to a country club, where he had been employed, he dragged her to a spot near the club house, tore off her underclothing and had sexual intercourse with her forcibly and against her

will; and that she screamed and fought him off to the full extent of her strength.

Information charging the defendant with rape was made within five days after the alleged crime was committed. On the trial of the felony charged, two members of the state police force testified that when defendant was arrested inquiry was made as to whether he had had intercourse with Miss Smith against her will or had raped her to which he replied: "Well, I was pretty drunk ...... If I did, she would know it," or "If she says I did I must have." The defendant took the stand and testified that the state policemen had reported the conversation correctly, but that he was "perfectly sober" on the evening in question; that he did have intercourse with Miss Smith, but that it was with her consent. He denied that she resisted him or screamed. Without reciting further details of the testimony it is sufficient to say that the testimony of Miss Smith was unshaken on cross examination, while the testimony of defendant was far from such as would impress one with its truthfulness. In fact, the defendant's own testimony as to the circumstances under which he left Miss Smith and his statement to the effect that he did not know what rape meant seriously discredited all his testimony.

The testimony of one witness may be sufficient to sustain a conviction of rape: *Com. v. Kretezitis,* 111 Pa. Superior Ct. 5, 9, 169 A. 417; *Com. v. Ramstedt,* 113 Pa. Superior Ct. 548, 173 A. 772. However, here the admitted replies of defendant to the state policemen and his conduct were corroborative of the plaintiff's testimony. It is when the testimony of one witness is so indefinite, contradictory or unreliable that it would be unsafe to rest a conviction thereon that corroboration is required: *Com. v. Cyaus,* 88 Pa. Superior Ct. 227, 230. We find nothing in this record that would indicate that it would be unsafe to convict on the testimony as given.

Defendant admitted that he was guilty of fornica-

tion. The jury was therefore called upon to determine whether the intercourse was had "forcibly and against her will." Her resistance, outcry and conduct after the felony was committed were all matters that bore upon the disputed question, but these were matters for the jury. Certainly the trial judge could not properly have said as a matter of law that her conduct was inconsistent with innocence of wrongdoing on her part.

One of the facts relied upon by appellant related to the conduct of Miss Smith after the alleged offense was committed. He argues that she failed to promptly report the occurrence to others. Miss Smith testified that when she was released he started toward the woods away from the main road; that she then ran, not by the lane over which she was taken into the golf grounds, but across a field where it was necessary to climb over a fence; that she continued to run to the main highway and when it was reached she stopped an approaching car and asked the occupants, a man and a woman, to take her to the school. They did so but she did not relate her experience to them as they were strangers. On arrival at the school Miss Smith had an associate drive her at once to Mrs. Heckler's in the village of Scotland, arriving there about an hour after the occurrence. The district attorney then asked her if she reported the experience to Mrs. Heckler. Defendant's counsel objected to the question and the objection was improperly sustained. The defendant cannot complain because he was successful in having this testimony improperly excluded: *Com. v. Comporto*, 233 Pa. 10, 13, 81 A. 906. It was clearly for the jury to determine whether the failure of Miss Smith to report the assault to two total strangers, who picked her up and took her to the school, was consistent with her charge. The jury concluded that she followed a normal course for one placed in the position in which she was when within an hour she sought the counsel of her friend, Mrs. Heckler, and then reported the affair to the superintendent of

the school, police and district attorney all within five days after the occurrence.

The appellant by his 5th and 6th assignments of error complains of a ruling of the trial judge refusing to permit the defendant to give an explanation of his statements to the state policemen. It is not open to argument that a defendant should be allowed to explain away any admission he may have made: Wigmore on Evidence (2nd Ed.) §1059; *Com. v. Crow,* 303 Pa. 91, 100, 154 A. 283; *Com. v. Del Vaccio,* 299 Pa. 547, 553, 149 A. 696; *Maculuso v. Humboldt Fire Ins. Co.,* 271 Pa. 489, 115 A. 828; *Sweeney v. Floyd,* 90 Pa. Superior Ct. 14. However, immediately following the ruling by the trial judge of which complaint is made a question asked defendant by his counsel was: "Now can you tell us why you made these statements [to the officers] about the Smith girl?" He was then permitted without restraint or objection to explain his statements. The error was therefore harmless. We find no indication in the record that this harmless error influenced the jury against the defendant.

The 7th, 11th and 12th assignments of error were based on reasons assigned in defendant's motion for a new trial. It was there alleged that the trial court had erred in not permitting defendant's counsel to argue to the jury that the failure of Miss Smith to testify that she had called a physician or had a physician make an examination of her body "tended to throw doubt upon the truthfulness of her story as to the strenuous experience through which she had passed." With relation to the same subject it was also alleged that the trial court in its charge had improperly depreciated an argument of defendant's counsel to that effect. In this connection it is important to note that there was not any evidence that there was any physical evidence on the body of Miss Smith of the alleged attack and in fact, there was not any evidence that the victim was a virgin. Why

call a physician under such circumstances? Since she did not testify that there was any evidence on her body of the attack, the jury would naturally conclude that there was not such evidence. The fact that there were no marks of the attack was a proper matter for argument to the jury, but the mere fact that a physician was not called was under the circumstances immaterial.

The 8th assignment of error complains of the refusal of the trial judge to withdraw a juror and continue the case on the ground that the district attorney in concluding his address had said to the jury: "We say and we believe that your only proper verdict is rape as indicted and not fornication." An assertion of counsel so made in a motion to withdraw a juror does not bring the fact asserted on the record for the purpose of review: *Com. v. Shields,* 50 Pa. Superior Ct. 1, 24; *Com. v. Davison,* 99 Pa. Superior Ct. 412, 415. The court below in its opinion filed states that this assignment was not pressed there by the former counsel who conducted the trial or by present counsel. Further the district attorney denies that he made the remark attributed to him. Not having the context or an admission that the remark was made makes this a proper case for the application of the principle laid down by President Judge RICE in the Shields case.

The contention that the trial judge in his charge overemphasized the Commonwealth's evidence and minimized the defendant's evidence is without merit. A careful examination of the charge convinces us that the charge was full and fair. The only exception to the charge was a general one. If defendant desired that any facts that were favorable to the defendant be called to the attention of the jury or wished an elaboration of legal definitions or principles it was his duty to make a proper request to the trial judge for such additional instructions. It was not the fault of the court that the

evidence of the Commonwealth was strong or that the evidence of the defendant was weak.

Judgment affirmed.