Opinion by
 

 Stadtfeld, J.,
 

 Defendant was convicted on an indictment containing two counts: (1) assault and battery with intent to commit rape; (2) simple assault and battery.
 

 Marabelle Buckley, a fifteen year old girl, the victim of the alleged assaults, testified that on October 7,1937, at 1:00 P.M., while she was cleaning one of the rooms
 
 *115
 
 in defendant’s home, he grabbed her, asked for a kiss, and placed his hand under her clothes, and then gave her a quarter and told her to go to the show. On cross-examination, she added that he had kissed her once. At the close of the Commonwealth’s case, the defendant rested. Upon this testimony the court charged that force was not necessary to convict, and'if the defendant went into this room with intent to have intercourse, that he should be found guilty. Furthermore, the trial judge expressed his opinion that the defendant was either guilty of assault and battery with intent, or not guilty. The jury returned a verdict of “guilty as indicted.”
 

 The court below, realizing that the instruction that force was not an essential element of assault and battery with intent to commit rape (see
 
 Commonwealth v. Miller,
 
 80 Pa. Superior Ct. 309) was error, did not enter judgment on the first count, but disregarded it and passed sentence of judgment on the second count, charging simple assault and battery.
 

 Appellant contends that the lesser offense was merged in the higher offense and that the court erred in sentencing the defendant on the second count when the court expressed its opinion that the defendant should be found guilty, if at all, of the higher offense. With this contention we cannot agree. The rule is stated in Wharton’s Criminal Procedure, Sec. 1849, as follows: “Where there are several counts, a judgment and sentence upon one of these counts, no action being taken as to the others, disposes of the whole indictment, and operates as an acquittal upon or discontinuance of the other counts.”
 

 Each count in an indictment charges a separate offense and a general verdict of “guilty as indicted” is a verdict of guilty on all counts, and if the sentence be arrested as to all but one count, and that count being
 
 *116
 
 a lesser offense of a constituent crime, the defendant can be sentenced on that one count:
 
 Commonwealth v. Lewis,
 
 140 Pa. 561, 21 A.
 
 501; Commonwealth v. Creevy,
 
 271 Pa. 95, 114 A. 511;
 
 Commonwealth v. Apriceno,
 
 131 Pa. Superior Ct. 158, 198 A. 515.
 

 Appellant further contends that there was error in admitting the testimony of Edward J. Buckley, father of the minor victim in this case, as to statements made by the latter to him. In the case of
 
 Commonwealth v. Oyler,
 
 (rape case), 130 Pa. Superior Ct. 405, 197 A. 508, the defendant’s counsel objected to a question of the District Attorney which inquired whether the victim reported her experience to a friend. The lower court sustained the objection, but this court, in an opinion by Judge Parker, held the objection was improperly sustained.
 

 In the case of
 
 Commonwealth v.
 
 Mtynarczyk, 34 Pa. Superior Ct. 256 (a rape case) President Judge Rice said, at p. 258: “It is deemed an important test of the sincerity of the woman that she made prompt complaint.”
 

 The evidence sustained the conviction on the count on which defendant was sentenced and we find no reversible error.
 

 The judgment and sentence are affirmed, and it is ordered that the appellant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence, or any part thereof which had not been performed at the time the appeal in this case was made a supersedeas.