## Commonwealth *v.* Allabaugh, Appellant.

Argued March 8, 1948. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Justin D. Jirolanio* with him *Michael Donohue,* for appellant.

*Bernard Martin Goodman*, Assistant District Attorney, for appellee.

OPINION BY DITHRICH, J., April 13, 1948:

Defendant was found guilty of having committed the crime of sodomy in that he had carnal knowledge of a female person, aged five years, by the anus.

The chief burden of his appeal is that his conviction on the uncorroborated testimony of the child, who did not know and could not comprehend or appreciate the meaning of an oath and who made no complaint to either of her parents, should not be permitted to stand.

That the uncorroborated testimony of the victim alone is sufficient to sustain a conviction of sodomy is well established by a long line of cases. *Commonwealth v. Ebert*, 146 Pa. Superior Ct. 362, 22 A. 2d 610; *Commonwealth v. Oyler*, 130 Pa. Superior Ct. 405, 197 A. 508; *Commonwealth v. Ramstedt*, 113 Pa. Superior Ct. 548, 173 A. 772; *Commonwealth v. Kretezitis*, 111 Pa. Superior Ct. 5, 169 A. 417. It is only when the testimony of the one witness, in this case the victim, is so indefinite, contradictory, or unreliable that it would be unsafe to rest a conviction upon it, that corroboration is required. *Commonwealth v. Cyaus*, 88 Pa. Superior Ct. 227; *Commonwealth v. Oyler*, supra.

Although in the instant case the child victim did not know and could not comprehend or appreciate the meaning of an oath, the trial judge permitted her to be sworn and to testify, stating that in his opinion the child "who was within two weeks of being six years old, was intelligent, comprehended her duty to tell the truth and nothing else when she would testify and that she had promised she would testify only to the truth and realized that if she would not do so, she would be punished in various ways." Since much must be left to the discretion of the trial judge in determining the competency of a witness of tender years (*Piepke v. Philadelphia and Reading Railway Co.*, 242 Pa. 321, 89 A.

124), we cannot say in this case, although the answers of the witness in her voir dire were not altogether satisfactory, that the trial judge was guilty of an abuse of discretion in permitting her to testify.

"The substantial test of the competency of an infant witness is his intelligence, and his comprehension of an obligation to tell the truth. The truth is what the law, under the rules of evidence is seeking, and if a full and present understanding of the obligation to tell it, is shown by the witness, the nature of his conception of the obligation is of secondary importance. . . . the witness clearly comprehended the difference between truth and falsehood, and his duty to tell the truth. That was the substance of qualification as a witness. *The trial judge in whose discretion the matter very largely rested was satisfied of the competency of the boy,' and we are of opinion that his discretion was well exercised."* (Emphasis added.) *Commonwealth v. Furman,* 211 Pa. 549, 550, 60 A. 1089; *Commonwealth v. Troy,* 274 Pa. 265, 270, 118 A. 252.

Much emphasis is placed by defendant on the fact that the child made no complaint to her parents or to anyone else, so far as is disclosed by the record. The case of the Commonwealth is unquestionably weak in that respect, and we are not disposed to accept the explanation that it was merely because the defendant had told the child that she "shouldn't" tell her parents that she didn't "tell anybody about it." The record would be much more satisfactory if it disclosed how the alleged offense was brought to the attention of the authorities; but, since the prosecution was instituted within a few days of the alleged occurrence and the jury was properly instructed that it should take into consideration the failure of the child in not "making a prompt report of the occurrence . . . in determining whether the girl is a truth-telling girl," the weakness in the Commonwealth's case is not necessarily a fatal one.

The refusal of the trial judge to exclude from the courtroom five young children who were to be witnesses against the defendant in other cases is assigned as error. The motion to exclude the children, who were seated with their parents at random in the courtroom which was capable of seating upward of one hundred persons, was not made in the presence of the jury. It was objected to by the district attorney who stated that it might be necessary to call the children as witnesses in the case then on trial. He did not state that they would be called but he reserved the right to call them. Nothing occurred throughout the trial to call the attention of the jury to the presence of the children in the courtroom, or that there were other cases pending against defendant, other than the request of counsel for defendant that the court instruct the jury "that everyone of the witnesses on behalf of the Commonwealth to show bad reputation, have . . . admitted that they had a hatred of, and there had been quarrels between, them and the defendant, or that they were the parents of a child wherein something similar—a similar charge is lodged against defendant." The presence of the children having been thus brought to the attention of the jury, defendant cannot be heard to complain that the court erred in refusing his motion to exclude them, a matter that was within the sound discretion of the court. *Commonwealth v. Sloat*, 298 Pa. 10, 147 A. 834.

Defendant, while conceding that the court in charging the jury that "When a man, notwithstanding the fact that he previously had a good reputation and giving that fact due weight, has been clearly proved guilty, he is not to go free merely because of his former good reputation," *Commonwealth v. Dingman*, 26 Pa. Superior Ct. 615, 623, correctly stated the law applicable where reputation as a "peaceful and law-abiding citizen" is at issue, contends that "it would be improper" where reputation for chastity or morality is at issue. We know of no such distinction nor has defendant presented us with any

authority in support of his contention. Nor do we find any merit in his "chief cause of complaint . . . that the phrase 'Evidence of reputation does not present a distinct issue' was improper under the particular crime charged and upon admission of evidence . . . as to defendant's reputation for chastity and morality." The Supreme Court in *Commonwealth v. Aston,* 227 Pa. 106, 111, 75 A. 1017, said: ". . . in *no* case has it ever been held that it [evidence of good character] **did raise a distinct issue."** (Emphasis added.)

The assignments of error are overruled; the judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with his sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.