Commonwealth ex rel. Graeser v. Myers

*Ernest Graeser*, P. P., for relator.

*Raymond R. Start*, District Attorney, for Commonwealth.

TOAL, J., December 12, 1958.—We have before us for review a petition for a writ of habeas corpus by Ernest Graeser who is presently serving a sentence of three to six years. Relator was indicted for sodomy, assault with intent to ravish, indecent assault and assault and battery committed upon a five-year-old female child. When arraigned on September 18, 1957, relator pleaded not guilty to all charges. He was tried before a jury, Judge Bretherick presiding, as of nos. 535 and 536, September sessions, 1957, at which time he was represented by counsel. After the defense rested, a nolle pros was entered with respect to the charge of assault with intent to ravish. The jury considered the remaining charges and convicted relator on all counts. Judge Bretherick then sentenced relator to serve three years in the Eastern State Penitentiary at separate and solitary confinement and at hard labor and to pay a fine of $50 and costs of prosecution on the sodomy indictment. Sentence was suspended upon the other charges. The judge further directed that relator first be sent to the Eastern Diagnostic Center for examination. Thereafter on October 9, 1957, Judge Bretherick revoked the flat three-year sentence on the sodomy indictment and imposed a sentence of three to six years in the Eastern State Penitentiary at separate and solitary confinement and at hard labor and to pay a fine of $50 and costs of prosecution on the same. Sentence was suspended on the other two charges.

On November 28, 1958, approximately 14 months after being sentenced, relator presented the present petition praying that a hearing be held on the matters set forth therein and for release from imprisonment.

Relator's petition avers that he was denied due process of law and sets forth several allegations to support this averment.

One allegation is that the court allowed the trial of relator to begin when one of his key witnesses was not in court on the day of the trial. Relator was arraigned on September 18, 1957, and his trial was held on October 7, 1957. Therefore he had a period of 19 days in which to make arrangements for his witnesses. At the time of trial no statement or objection was made by relator or his counsel that a key witness for the defense was not present. Furthermore, relator's petition does not set forth who the key witness might be nor any new evidence that the witness might provide. In any event the refusal to postpone a trial to have defense witnesses present is not the subject of relief in a habeas corpus proceeding: Commonwealth ex rel. DiSimone v. Maroney, 179 Pa. Superior Ct. 300. Hence this allegation is without merit.

Another allegation, which is without merit, is that the evidence of the Commonwealth was insufficient to convict relator in that the testimony of Mary Hollenfer was based on assumption and the witness Irene Hollenfer was too young to know the difference between right and wrong. Questions as to the sufficiency of evidence upon which relator was convicted are matters which should have been raised on appeal and are not within the purview of a habeas corpus proceeding: Commonwealth ex rel. Sharpe v. Burke, 174 Pa. Superior Ct. 350. Further, in determining the competency of a witness of tender years much must be left to the discretion of the trial judge: Commonwealth v. Allabaugh, 162 Pa. Superior Ct. 490. The trial judge in this case was satisfied with the competency of the girl and we are of the opinion that he did not abuse his discretion. Furthermore, the subject of the com-

petency of witnesses should be raised on appeal and not by a writ of habeas corpus.

Relator's further allegation that additional evidence should have been required because the mother of the child waited 16 days to swear out a warrant for relator's arrest during which time she could have coached the child is without merit. Such an argument might be used to a jury but under the statute of limitations an indictment for sodomy brought within five years is within the time limit allowed by the law of the Commonwealth.

Relator's last allegation is that the court violated the statutes of the Commonwealth of Pennsylvania in allowing the child witness to be questioned as to religion to determine her competency and credibility. Such an allegation is without merit.

In this case, the child witness, in order to qualify her as a competent witness and to determine if she understood what it meant to tell a lie, was asked among other things:

"Q. Irene, did you ever go to Sunday School?

(Witness shakes head.)

"Q. Don't shake your head, honey.

"A. Sometimes.

"Q. Do you know what it is to tell a lie? Are you allowed to tell lies?

"A. No. mother beats me if I do."

Such a question does not violate the Act of April 23, 1909, P. L. 140, secs. 2 and 3.

Relator's petition raises no question of fact to be decided by the court and fails to establish any ground entitling relator to relief. Therefore, no hearing is necessary.

The trial judge, Arthur P. Bretherick, has passed on since the trial of relator. The court, under such circumstances, reviewed the entire record in this mat-

ter before entering its decision. The following is made:

*Order*

And now, to wit, December 12, 1958, relator, Ernest Graeser, having presented a petition for a writ of habeas corpus and the court having given same due consideration, it is ordered, adjudged and decreed that the said petition be and the same is hereby refused.