## Commonwealth v. Logan

*Cecil B. Moore,* for relator.

*Arlen Specter,* for respondent.

SPORKIN, J., January 31, 1962.—Defendant, Eddie Logan, was indicted on four bills of indictment, as of May sessions, 1961. On bill 2363, he was charged, in two counts, with assault and battery and indecent assault; on bill 2364, with corrupting the morals of a minor child; on bill 2365, with sodomy; and on bill 2366, in three counts with assault and battery, aggravated assault and battery, and assault and battery with intent to ravish. The indictments charged defendant with having committed these offenses upon one Erleen MacDuffy, a female child, aged nine, on or about March 10, 1961.

Defendant was tried on July 26 and July 28, 1961, before the writer of this opinion sitting without a jury, and was adjudged guilty on bills 2364, 2365 and 2366[1] only; was adjudged not guilty on bill 2363; and was sentenced on bill 2365 to undergo imprisonment for a term of not less than two years nor more than ten years.

Defendant filed motions for a new trial and in arrest of judgment, both of which motions, after argument, were dismissed, and his appeal followed.

Defendant argued that the minor prosecutrix should have been declared incompetent as a witness, and that the trial judge erred in permitting her to testify. Defendant further argued that the evidence submitted in

---

[1] On bill 2366, defendant was adjudged guilty of assault and battery with intent to ravish. The other two counts in that bill, being lesser charges, were merged in the conviction of the greater offense.

behalf of the Commonwealth was not sufficient to sustain the guilty verdicts.

At the trial, prior to being permitted to testify as to the offenses charged, minor prosecutrix was examined and gave answers in her voir dire which fully demonstrated her ability to tell the difference between truth and falsehood.

In Commonwealth v. Allabaugh, 162 Pa. Superior Ct. 490 (1948), a conviction of the crime of sodomy with a female child aged five years was sustained on the testimony of the child. On the subject of competency it was said, at page 493:

" 'The substantial test of the competency of an infant witness is his intelligence, and his comprehension of an obligation to tell the truth. The truth is what the law, under the rules of evidence, is seeking, and if a full and present understanding of the obligation to tell it is shown by the witness, the nature of his conception of the obligation is of secondary importance ... the witness clearly comprehended the difference between truth and falsehood, and his duty to tell the truth. That was the substance of qualification as a witness. *The trial judge in whose discretion the matter very largely rested was satisfied of the competency of the boy, and we are of opinion that his discretion was well exercised.*' (Emphasis added.) Commonwealth v. Furman, 211 Pa. 549, 550, 60 A. 1089; Commonwealth v. Troy, 274 Pa. 265, 270, 118 A. 252."

In Rosche v. McCoy, 397 Pa. 615, 620, 621 (1959), the court, in discussing the standards to be applied to the competency of witnesses of tender age, stated:

"There must be (1) such capacity to communicate, including as it does both an ability to understand questions and to frame and express intelligent answers, (2) mental capacity to observe the occurrence itself and the capacity of remembering *what it is* that she is

called to testify about and (3) a consciousness of the duty to speak the truth. . . ."

Applying these principles to the instant case, we concluded that the child was competent and fully qualified as a witness. Then, too, her subsequent clear and succinct testimony, in no way shaken by cross-examination, amply supported our ruling as to competency.

Defendant, 28 years of age at the time of the occurrences complained of, was then the paramour of, and lived with the mother of the minor prosecutrix and two other younger children, at 1724 North 6th Street, Philadelphia, Pa.

In the case before us, the minor child testified that: While her mother was away shopping, defendant brought her into his room, placed her on the bed and "then he done it to me" by "it", she meant inserting his "thing" in her private parts, in the back and in her mouth; she could not remember the precise date when this occurred but testified that it happened "in the wintertime"; similar occurrences took place on two prior occasions; and she reported the incident to her grandmother and to the school authorities.

Following complaint made by the Youth Study Center on March 17, 1961, a warrant was issued. Defendant, however, could not be found by the police and was not apprehended until May 11, 1961. On information furnished by the mother of the minor prosecutrix, the police located defendant hiding under a bed, behind some suitcases, at 2537 West Page Street,[2] Philadelphia. Although defendant testified, denying the occurrences, he made no explanation as to his whereabouts during the two month period.

The testimony of the prosecutrix was credible, and standing alone, without any other corroborating cir-

---

[2] This is not the home where defendant had lived with the mother of the minor prosecutrix at the time of the incident complained of.

cumstances, would warrant the finding of a guilty verdict. ". . . The uncorroborated testimony of the victim alone is sufficient to sustain a conviction of sodomy . . .": Commonwealth v. Allabaugh, supra, at page 492.

There the court also said, at the same page, "It is only when the testimony of the one witness, in this case the victim, is so indefinite, contradictory, or unreliable that it would be unsafe to rest a conviction upon it, that corroboration is required."

Moreover, the fact that defendant left his home after the occurrence complained of, remained in hiding for two months, and was finally apprehended under circumstances testified to by the arresting officers, was sufficient to enable the court to infer that defendant knew he was accused and fled or concealed himself to avoid arrest.

"Flight is evidence of guilt, and in connection with other proof, may be the basis from which guilt may be inferred . . .": Commonwealth v. Grazziani, 86 Pa. Superior Ct. 571, 574 (1925).

"When a crime has been committed and the person accused thereof knows he is accused and then flees or conceals himself, such conduct is evidence of consciousness of guilt and, in connection with other proof, may be the basis from which guilt may be inferred: Commonwealth v. Cerzulla et al., 175 Pa. Superior Ct. 330, 337, 104 A. 2d 179": Commonwealth v. Lewis, 187 Pa. Superior Ct. 231, 235 (1958).

"Flight and concealment are evidence of guilt . . . It was also a reasonable inference that defendant kept himself informed as to his case . . .": Commonwealth v. Fusci, 153 Pa. Superior Ct. 617, 620 (1943). In that case, defendant, after warrant was issued for his arrest, fled the jurisdiction and was apprehended in another state about six months later.

*Flight* is not limited to leaving a jurisdiction. "It signifies not only a leaving of the jurisdiction, but any leaving or concealment to avoid arrest or prosecution after arrest . . .": Commonwealth v. Myers, 131 Pa. Superior Ct. 258, 265 (1938).

After considering and weighing all the evidence adduced at the trial, we were convinced beyond a reasonable doubt of the guilt of defendant.

We have carefully reviewed the record and are satisfied that the verdict was a proper one. Accordingly, we have dismissed the motions for a new trial and in arrest of judgment.